## WILLIAMS v. UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA et al.

### Civ. A. No. 25313.

United States District Court
N. D. Ohio, E. D.

Oct. 22, 1948.

John H. T. Miller, and Sheldon D. Clark, both of Cleveland, Ohio, for plaintiff.

Jerome N. Curtis, of Cleveland, Ohio, Harry N. Routzahn, of Dayton, Ohio, and Roger A. Zucker, of Cleveland, Ohio, for defendants.

FREED, District Judge.

In the second amended complaint, plaintiff asks for money judgment and a mandatory injunction to compel the defendants to reinstate him as a member in good standing of the defendant organizations. The action is sought to be maintained against the defendant union organizations and ten of their officers, individually and as members of a class.

The plaintiff alleges that the defendants conspired to oust him as a member of the United Brotherhood and its subordinate District Council and that he was improperly expelled from such organizations. It is contended that the procedure which resulted in his ouster was in violation of the constitutions and by-laws of the named organizations.

The matter is before the Court on a motion which is many fold and which may be summarized for the purpose of disposing of the questions raised as follows:

(1) The motion to dismiss the complaint as to all of the defendants,

(2) Motion to dismiss Harry Schwarzer and Carl Schwarzer as representative defendants,

(3) Motion for more definite statement,

(4) Motion to strike a portion of the complaint.

The motion to dismiss all the defendants is predicated on this Court's lack of jurisdiction. It is urged on the basis of the proposition that United Brotherhood and District Council are unincorporated associations. It appears that United Brotherhood's main office is in Indianapolis, Indiana and that service was had on one of its officers individually and as a member of a class. Similar service was had on the District Council.

It is readily discernible that United Brotherhood's membership is nation wide and the District Council is locally constituted. Defendants contend that inasmuch as the United Brotherhood is unincorporated and has thousands of members living in the State of California, of which state plaintiff is a citizen, this Court

lacks jurisdiction on the grounds of diversity of citizenship. The decisions in Levering v. Morrin, 2 Cir., 61 F.2d 115, and Sperry Products v. Association of American R. R., 2 Cir., 132 F.2d 408; 410, are controlling as to this contention. "When * * * jurisdiction depends upon diversity of citizenship, it is the citizenship of the members alone which counts." Sperry Products v. Association of American R. R., supra.

The District Council, however, seemingly has a geographically limited membership and thereby satisfies the diversity requirement, unless and until evidence at the trial to the contrary is presented.

The law of Ohio permits an association to sue or be sued in its own name, Rule 17(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The Ohio statute governing such a situation is Section 11257 of the General Code. "One or more can sue or defend for all. When the question is, one of a common or general interest of many persons, or the parties are very numerous, and is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." The section does not contain any ambiguity. It is not open to question that the District Council can be sued in its own name by serving process on one or more of its members. "It is our conclusion that either under those cases following United Mine Workers v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762, or our own statute, Section 11257, General Code, if proper foundation is laid, the defendant is suable. This entirely disposes of the contention that the trial court did not have jurisdiction of the defendant because it was not suable." McClees v. Grand International Brotherhood of Locomotive Engineers, 59 Ohio App. 477, 18 N.E.2d 812, 814.

The information sought in the motion to make more definite may be obtained by resorting to Chapter V of the Rules of Civil Procedure and it is not necessary to enable the defendants to make a responsive pleading to the complaint.

Paragraph 3(b) of the complaint violates Rule 12(f) of the Rules of Civil Procedure.

Accordingly, the motion to dismiss the complaint as to the defendant, United Brotherhood is granted, the motion to dismiss the complaint as to the individual defendants in their representative capacity as officers of the United Brotherhood is likewise granted, the motion to strike paragraph 3(b) of the complaint is granted. The motion in all other respects is overruled.