

Newman S. Price, Cleveland, Ohio, David Clayman, Columbus, Ohio, for plaintiffs.

Samuel Handelman, Cleveland, Ohio, for defendants.

## SNOOTS et al. v. VEJLUPEK et al.

Civ. No. 26886.

United States District Court
N. D. Ohio, E. D.

Nov. 21, 1949.

JONES, Chief Judge.

This is a motion to remand an action to the Common Pleas Court of Cuyahoga County.

The action originally commenced in that court was removed by the defendant on the sole ground that a federal question under Title 29 U.S.C.A. § 185 is involved.

The plaintiffs now move to remand the action because no federal question is involved.

Apparently this is a dispute between present and past members of the Council of District No. 7, U.E.—C.I.O. The plaintiffs who seem to be the duly constituted

members of the Council allege that defendants have violated the constitution of the District Council and ask that future violations be enjoined.

The defendants claim that this action is one concerning breach of contract between unions and therefore Title 29 U.S.C.A. § 185 gives this Court jurisdiction.

Primarily, Title 29 U.S.C.A. § 185 provides that cases by and against labor organizations for breach of a labor contract may be tried in Federal Courts. To give this Court jurisdiction, however, there must be a breach of a contract between labor organizations or between a labor organization and an employer. The latter is not involved in this case.

Apparently there is authority holding that a constitution of an unincorporated organization is a contract, breach of which will be enjoined by the courts. So it is possible to state that the defendants have breached a contract in this case. However, assuming that this is so, there is still no basis for federal jurisdiction.

The statute involved clearly indicates that there must be a contract between two labor organizations. In this action, in spite of defendants' contention, there is but one labor organization involved. Title 29 U.S.C.A. § 185, therefore, does not give this Court jurisdiction. This section was not meant to aid the settling of intra-union fights which is the only situation presented here.

Defendants cite that part of the preamble to the Labor Management Act which states that the Act is meant to protect the rights of the individual employees in their relations with labor organizations and claim Section 185 was the section enacted to carry out this purpose. The clear language of this section plus the cases dealing with it indicates that Section 185 of Title 29 U.S.C.A. was meant only to enforce labor contracts between employees and unions and between unions themselves. United Packinghouse Workers of America v. Wilson & Co., 2 Cir., 80 F.Supp. 563, at page 568; Wilson & Co. v. U. P. H., 2 Cir., 83 F.Supp. 162. Protection of individual employees' rights in their relations with labor organizations is amply provided for in other sections of the Act such as 29 U.S.C.A. § 158(b).

Motion to remand granted.