**KRISS et al. v. WHITE et al.**

Civ. No. 3527.

United States District Court
N. D. New York.

Dec. 9, 1949.

John Braun, Albany, New York, for plaintiffs.

David Scribner and Arthur Kinoy, New York City, Leon Novak, Schenectady, New York, Marshall Perlin, Schenectady, New York, Robert Silverman, Schenectady, New York (M. Perlin, Schenectady, of counsel), for defendants.

FOLEY, District Judge.

This action was commenced in the Supreme Court of the State of New York, Schenectady County. Pursuant to Title 28 U.S.C.A. § 1446, a petition by the defendants for the removal of the action was filed in this district court. The action of the plaintiffs is equitable in its nature, seeking an accounting and injunctive relief. Approximately on the same date the defendants complied with the requirements of section 1446 as to the filing of the bond and written notice to adverse parties, temporary injunctive relief pendente lite was granted by the State court to the plain-tiffs, after a hearing. Upon the oral argument of this motion herein by the plaintiffs to remand, it was admitted that a notice of appeal had been filed by the defendants from the order of the State Supreme Court granting the temporary injunction. The petition for removal filed by the defendants in this court seeks to meet the requirements of section 1441, Title 28 U.S.C.A., as to removability by allegation No. 4, stating:

"The above entitled action is a civil action, of which the district courts of the United States have original jurisdiction as set forth in Title III, section 301; Public Law 101, 80th Congress, Labor Management Relations Act, 1947."

This particular Act upon which the defendants base their rights to litigate in this United States District Court upon a federal question is popularly known as the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., and it is interesting to observe the defendants seeking to come within its provisions.

The problem presented as to the right of removal depends solely upon the statutory construction of section 301(a), Title III of the Labor Management Relations Act, 1947, Title 29 U.S.C.A. § 185(a). This particular section provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this act, *or between any such labor organizations,* may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (Emphasis supplied to indicate the applicable portion urged by the defendants as supporting their position).

It is the contention of the defendants in their opposition to the motion to remand that the complaint herein definitely shows that the controversy is "between labor organizations" and thus within the intendment of Congress in this particular section and subdivision 301(a), conferring jurisdiction upon the district courts of the United States. It is their claim that the description of the plaintiffs in the title of the

action as designated officers of Local 301, United Electrical Radio and Machine Workers of America, and joining as defendants certain named officers of Local 301 as well as Albert J. Fitzgerald, as President, and Julius Emspak, as Treasure. of the International Union, United Electrical Radio and Machine Workers of America makes the action one "between labor organizations," or, as the defendants describe it in their brief, between two separate entities and thus by congressional enactment within the jurisdiction of the district courts. There is also reference by the defendants to the conferring of such jurisdiction by section 301(b), but it has been established by legal authority that section 301(b) does not enlarge to any extent the class of cases of which the district courts were given jurisdiction, United Packing House Workers of America v. Wilson & Co., D.C., 80 F.Supp. 563; Amazon Cotton Mills Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183 at 187.

The plaintiffs to the contrary urge that the complaint by its allegations clearly shows an intra-union dispute; that the plaintiffs are designated individually as well as officially and that they sue in the manner of a class action in behalf of all the other members of Local 301; that there is no semblance of a contractual dispute between separate labor organizations which would allow federal jurisdiction under section 301(a) of the Act.

The position of the plaintiffs in my judgment is much more tenable than that of the defendants as to the statutory construction, and their legal right to remand the action herein is bolstered by Snoots v. Vejlupek, 87 F.Supp. 503, U. S. District Court, Northern District of Ohio, Eastern Division, Jones, J., which is well in point and greatly similar in the circumstances and issues involved. The voluminous complaint of the plaintiffs shows a disturbing background of union strife but the gravamen is directed against the moneys of the individual members of Local 301, and the proper accounting and use of such funds. It is a family fight within the union and it seems immaterial that it ranges from the top to the bottom. The material allegations of the complaint and the prayer for relief are confined within the framework of a single union structure.

It would be tortuous logic to read into section 301(a) of the Act a congressional intent to bring the parties and issues disclosed by the complaint herein within federal jurisdiction. There is nothing in the legislative history of the Act showing such intent.

The motion to remand is granted.