**GERSTMAN v. POOLE.**

**Civ. A. No. 10045.**

United States District Court
E. D. Pennsylvania.

Feb. 20, 1950.

Harry H. Lipsig, New York City, and Charles Edwin Wallington, Philadelphia, Pa., for plaintiff.

Zoob & Matz, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This suit was brought to recover damages for personal injuries. The jurisdiction of this Court is invoked on the basis of diversity of citizenship, and the defendant moves to dismiss on the ground of improper venue.

However, an examination of the complaint discloses that the "residence" of the parties rather than their "citizenship" is pleaded. An allegation that a party is a resident of a state is not a sufficient allegation of his citizenship, and is insufficient to confer jurisdiction upon the District Court. Neel v. Pennsylvania Co., 157 U.S. 153, 15 S.Ct. 589, 39 L.Ed. 654; Realty Holding Co. v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; Kelleam v. Maryland Gas Co., 10 Cir., 112 F.2d 940; Jeffcott v. Donovan, 9 Cir., 135 F.2d 213. "The whole record, however, may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship, and if the

requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient." Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 382, 24 S.Ct. 696, 697, 48 L. Ed. 1027. An affidavit submitted in support of defendant's motion to dismiss discloses the citizenship of the defendant, but there are no facts of record to establish plaintiff's citizenship. In the plaintiff's answer to the motion to dismiss it is averred that "the parties hereto are citizens of two different states." But such an averment is not sufficient to set forth affirmatively and distinctly the jurisdictional basis of diversity of citizenship. Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Neel v. Pennsylvania Co., supra.

The jurisdictional defect was pointed out by the defendant, but plaintiff has made no effort to amend. Consequently, the complaint will be dismissed.