ROCK DRILLING, BLASTING, ROADS, SEWERS, VIADUCTS, BRIDGES, FOUNDATIONS, EXCAVATIONS & CONCRETE WORK, etc., LOCAL UNION NO. 17, v. MASON & HANGAR CO., Inc.

United States District Court
S. D. New York.
May 16, 1950.

Francis Martocci, Charles DeLaVergne, Kingston, N. Y., Boudin, Cohn & Glickstein, New York City (Hyman N. Glickstein, Daniel W. Meyer, Jerome B. Lurie, New York City, of counsel), for plaintiff.

Nevius, Brett & Kellogg, New York City, for defendant.

RIFKIND, District Judge.

The defendant's motion is two-pronged. For one, it seeks dismissal of the action on the ground of want of jurisdiction over the subject matter. Secondly, it urges dismissal by reason of the insufficiency of the complaint.

The complaint alleges that plaintiff is an unincorporated labor union all of whose members are citizens of New York; that it represents employees in an industry affecting commerce; that it has brought the action in a representative capacity on behalf of such of its members as were employed by defendant in the performance of a certain contract between the defendant and the City of New York. Plaintiff prays for an award of $600,000, the aggregate of the damages sustained by such members. The complaint further alleges that defendant is a Virginia corporation; that the court has jurisdiction by virtue of the Taft-Hartley Act, 29 U.S.C.A. § 185, and by reason of diversity of the parties, 28 U.S.C.A. § 1332. The crucial allegations are that defendant bribed one James Bove, an officer of the international union to which plaintiff local union belonged, for the purpose of causing upwards of four hundred members of the plaintiff, who were employed by defendant, to accept in payment for their services lower wages and, in general, less favorable working conditions than they would otherwise have obtained, and that Bove accomplished the purpose for which he was bribed.

One basis for the claim of want of jurisdiction is that it does not appear that the amount in controversy exceeds $3,000 when calculated separately for each of the injured employees, and that the claims of the several employees may not be aggregated to arrive at an amount sufficient to confer jurisdiction upon the court. Plaintiff does not controvert the assertion that the amount in controversy, if calculated with respect to each of the employees, does not exceed $3,000. Moreover, plaintiff concedes that aggregation of the several claims would not be permissible if this were really a spurious class suit—a suit where one sues on behalf of a class and the character of the right sought to be enforced is several, and there is a common question of law or fact affecting the several rights and a common relief is sought. Rule 23(a) (3), Federal Rules Civil Procedure, 28 U.S.C.A.

Plaintiff, however, denies that the action belongs to the category of spurious class suits, and contends that Sec. 301(b) of the Taft-Hartley Act, 29 U.S.C.A. § 185(b), in effect, establishes the plaintiff union as trustee for the purpose of suing to enforce claims accruing to the employees it represents, provided only that the claims arise out of the employment relationship. According to plaintiff's theory, a union is authorized by the statute to sue in its own name and need not join the parties for whose benefit the action is brought. Moreover, under this reasoning, the amount in controversy is the total sum the union seeks to recover and the jurisdictional amount is present without aggregation. Local Union No. 497, etc., v. Joplin & P. R. Co., 8 Cir., 1923, 287 F. 473.

I think there is no doubt but that plaintiff's action prior to the passage of the Taft-Hartley Act would have been classified as a spurious class suit. The question is thus squarely presented whether Sec. 301(b) has accomplished such a change as plaintiff alleges. Has it in fact appointed the union a quasi trustee or a trustee *ad prosequendum* to enforce the several claims of its members in all or some categories of action?

Defendant also attacks plaintiff's claim that jurisdiction is founded not only on diversity but on Sec. 301(b). It denies that Sec. 301(b) is a jurisdictional provision. It asserts that in any event the section applies only to suits on collective bargaining contracts and is not applicable here. Moreover, defendant argues that plaintiff seeks to apply § 301(b) of the Taft-Hartley Act, which was passed in 1947, retroactively and that this may not be done.

■ The second aspect of defendant's motion, that which attacks the sufficiency of the complaint, also ultimately depends upon the answer to the question of the proper interpretation of § 301(b). If the plaintiff is by virtue of § 301(b) a trustee to prosecute, then it is specifically endowed with capacity, and it is a "party authorized by statute" and meets the real party in interest requirement of Rule 17(a), Federal Rules Civil Procedure. Otherwise, the complaint would be defective. Surely plaintiff could not qualify as the representative of a class in a class suit action since it is not a member of the class. Rule 23(a), Federal Rules Civil Procedure. Nor is plaintiff the assignee of the several claims.

The portions of the Taft-Hartley Act most relevant to this case are Sec. 301(a) and Sec. 301(b), which read as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets."

The language upon which plaintiff focuses attention is: "Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States." As already indicated, plaintiff reads this language to invest the union with authority to sue on behalf of the designated class or on behalf of members of that class. A sense of self-restraint motivates the plaintiff to limit the broad sweep of this grant of power to controversies arising out of the employment relationship. Such a limitation confessedly is not expressed in the statute. The motivation behind the proposed limitation reveals the plaintiff's awareness of the weakness of the entire argument it makes. The limitation suggests, by illustration, the host of questions which the Congress has left unanswered if by the language of Sec. 301(b) it meant to appoint the union the litigating agent for those it represents as collective bargaining representative. What categories of claims may the union assert? Shall it be limited to claims arising out of the employment relationship or may it prosecute all claims? Shall they be claims asserted only on behalf of all the members of the group or may claims be asserted on behalf of some—less than all—members of the group? What if one of the members of the group before or after action instituted by the union desires to assert his own claim? Is he obliged to commit his claim to the care of the union regardless of his wish to proceed independently? Is he bound by judgment procured in the group action or is he free to disregard it? Is the defendant protected in paying a judgment secured by the group in favor of an individual or is it subject to the jeopardy of additional claims asserted by the individual?

Neither the statute nor the legislative history affords answers to these questions. I think it improbable that the Congress intended a grant of power which would

stimulate such a host of problems for which no answers were provided. I have searched such of the legislative history as has been called to my attention in vain to discover explicit or implicit an intention on the part of the Congress to have the unions appointed trustees *ad prosequendum* or guardians *ad litem* for the individual employees represented by the union as collective bargaining representatives.

Moreover, plaintiff's interpretation is two-edged. If the sentence "Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States" has the meaning plaintiff attributes to it, I see no reason why straightforward statutory interpretation does not lead to the result that unions may *be sued* in behalf of the employees on claims against individual members. The multitude of complications this interpretation raises need not be articulated.

■ The much simpler approach to the statute reads it as a rule defining capacity to sue. The statute authorizes unions in controversies involving union rights to sue in their common names. Thereby, the statute obviates the necessity of meeting the common law requirement that all members of an unincorporated association must join in the suit. In effect, the gist of the statute is to dispense with the class suit device which has been used in order to overcome the common law mandate.

Unlike Sec. 301(a), Sec. 301(b) does not enlarge the jurisdiction of the federal courts. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183; United Packing House Workers of America v. Wilson & Co., D.C.N.D.Ill. 1948, 80 F.Supp. 563; Mountain States Div. No. 17 v. Mountain States T. & T. Co., D.C.D.Colo., 1948, 81 F.Supp. 397; Kriss et al. v. White et al., D.C.N.D.N.Y. 1949, 87 F.Supp. 734. But also unlike Sec. 301(a), its application is not limited to suits for violation of collective bargaining contracts. H.R. Report No. 510, 80th Cong., 1st Sess., p. 66. It is a capacity provision applicable generally which is a simple extension of Rule 17(b),

Federal Rules of Civil Procedure under which the right on the part of an unincorporated association to sue in its common name is limited to cases involving federal rights. The whole problem of retroactivity vanishes when the statute is so regarded.

The significance of the language "in behalf of the employees whom it represents" is plain enough under this interpretation. Normally an action in the common name of the union would be, strictly speaking, designed to assert rights on behalf of its members. However, under the Taft-Hartley Act or the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., a union may act for all the employees of a unit as their collective bargaining representative regardless of their membership. 29 U.S.C.A. § 159. This added language in Sec. 301(b) makes it plain that in a proper case it may sue "in behalf of the employees whom it represents".

Plaintiff relies heavily upon American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 1950, 179 F.2d 535, as a case which is consistent with its view. But there the suit was brought to enforce pension rights established by a collective agreement to which the union was a party. Under Rule 17(a), Federal Rules Civil Procedure, a party with whom a contract has been made for the benefit of another is a real party in interest. Since Sec. 301(b) authorizes suit by the union in its common name, the court was fully authorized to proceed without violating rules relating to the real party in interest and capacity to sue. The decision itself characterized the action as " * * * one for violation of contract between appellant and appellee * * *. We cannot accept as sound the contention of appellee that this is not an action for breach or violation of the *labor contract* between the parties but is rather an action for breach of an independent pension plan for the employees of the Western Union Telegraph Company." American Federation of Labor v. Western Union Telegraph Company, supra, 179 F.2d at page 538.

■ Since I read Sec. 301(b) merely as a capacity statute, it follows that unless

the union is the real party in interest on grounds other than the statute, the complaint is insufficient under Rule 17(a), Federal Rules Civil Procedure. Here the complaint makes it crystal clear that (1) plaintiff is not suing on a contract to which it is a party; (2) plaintiff is not suing to recover damages for a tort sustained by itself (such as interference with the use of its name or interference with its premises or inducing breach of a collective agreement to which it is a party or beneficiary); (3) it is seeking to recover for some employees the damages they suffered by being corruptly deprived by the defendant of the honorable services of their agent. Consequently, in the light of the foregoing discussion, it appears that the complaint fails to state a claim upon which relief can be granted for the reason that the action is brought by one who is not the real party in interest.

The union as such having no claim, it also follows that jurisdiction fails since the amounts of the several claims may not be aggregated and since no single one is alleged to exceed $3,000.

The defendant's motion to dismiss is granted.