## SUN SHIPBUILDING & DRY–DOCK CO. v. INDUSTRIAL UNION OF MARINE & SHIPBUILDING WORKERS OF AMERICA et al.

Civ. No. 9598.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1950.

John D. M. Hamilton (of Pepper, Bodine, Stokes & Hamilton), and Joseph S. Kleinbard (of Kleinbard, Bell & Brecker), Philadelphia, Pa., for Sun Shipbuilding Co.

M. H. Goldstein, Philadelphia, Pa., for Industrial Union of Marine & Shipbuilding Workers of America, the National Union, and for Local No. 2 (Loyal) as represented by Tracey and McCabe.

James J. Leyden, of Philadelphia, Pa., and Alex. J. McCloskey, Jr., of Chester, Pa., for Local No. 2 (Disaffiliated) as represented by Eshelman and News.

BARD, District Judge.

This case is now before me on the motion of the plaintiffs in interpleader for summary judgment.

On or about February 5, 1948 Sun Shipbuilding & Dry Dock Company (hereinafter called Sun Ship), Industrial Union of Marine and Shipbuilding Workers of America (hereinafter called National Union), and Local No. 2, Industrial Union of Marine and Shipbuilding Workers of America (hereinafter called Local Union) entered into a collective bargaining agreement. Pursuant to the terms of this agreement, Sun Ship was to check-off or deduct monthly the membership dues of its employees who were members of Local Union and National Union, and to transmit the amount so checked-off to Local Union.

On or about March 30, 1949 most of the officers and a number of the members of Local Union disaffiliated themselves with National Union (hereinafter this group will be referred to as Disaffiliated Local Union), taking with them all of the property and assets of Local Union.

On or about April 9, 1949 National Union suspended the autonomy of Local Union and appointed provisional officers to govern its affairs and its remaining members (hereinafter this group will be referred to as Loyal Local Union).

Thereafter, Disaffiliated Local Union and Loyal Local Union each claimed the dues which were checked-off and held by Sun Ship.

On April 18, 1949 Sun Ship, the innocent stakeholder, filed an action of interpleader under the Act of June 25, 1948, c. 646, 62 Stat. 931, 28 U.S.C.A. § 1335, against National Union and Local Union, alleging that this was an action between two labor organizations within the meaning of Section 301 of the Labor Management Relations Act, 1947.[1] At this time Sun Ship also deposited $3,272.50 in the registry of this Court, which amount represented the checked-off dues it was then holding.

Service of process was made on National Union and Disaffiliated Local Union.

On May 16, 1949 Disaffiliated Local Union, under the name of Local Union, filed its answer alleging its right to the checked-off dues.

On May 24, 1949 National Union and Loyal Local Union, also under the name of

1. Act of June 23, 1947, c. 120, Title III, § 301, 61 Stat. 156, 29 U.S.C.A. § 185.

Local Union and without so much as a motion to intervene, filed a joint answer. This answer not only alleged their right to the checked-off dues but also requested judgment in favor of Loyal Local Union for all the property and assets of Local Union which were held by Disaffiliated Local Union.

On May 25, 1949 National Union and Loyal Local Union filed (1) a motion to add parties defendant and require them to plead, which was partially granted by me on July 8, 1949, (2) a motion for preliminary injunction, which was granted on July 27, 1949 by Judge Wyche who was sitting on this Court by special assignment, and (3) this motion for summary judgment which is now before me.

On June 9, 1949, after a hearing, I granted Sun Ship's motion for an order sustaining interpleader.

On July 8, 1949 I issued a supplemental order sustaining interpleader in which I designated National Union and Loyal Local Union as plaintiffs in interpleader and Disaffiliated Local Union as defendant in interpleader, and made Loyal Local Union's answer to Sun Ship's complaint for interpleader the complaint to which Disaffiliated Local Union should file an answer.

On July 18, 1949 Disaffiliated Local Union filed its answer which alleged, as its first defense, lack of jurisdiction.

Hearings on this motion for summary judgment were held.

Disaffiliated Local Union appealed from the preliminary injunction issued against them, and on January 4, 1950 the appeal was dismissed for want of prosecution.

After considering this motion of the plaintiffs in interpleader for some time, I had grave doubts as to the Court's jurisdiction. Therefore I requested briefs or memoranda of law on several jurisdictional issues.

Loyal Local Union and Disaffiliated Local Union each filed a brief. Having studied these briefs and the issues involved, I find that I must dismiss the entire proceedings for lack of jurisdiction.

■ Disregarding the manner in which Loyal Local Union projected itself into this litigation, I think that Loyal Local Union is an indispensable party to a decision on the merits in this case. Fitzgerald v. Santoianni et al., D.C., 95 F.Supp. 438. However, Loyal Local Union's presence or absence will not affect my disposition of this case.

Sun Ship is a Pennsylvania corporation. National Union is an unincorporated association which has its headquarters in Camden, New Jersey, but which also has many members in Pennsylvania. Loyal Local Union and Disaffiliated Local Union are likewise unincorporated associations; each have their headquarters in Chester, Pennsylvania, and most of their members live in Pennsylvania.

■ An unincorporated association, having no entity distinct from its members, has no citizenship of its own. Its citizenship is that of its members. Sperry Products, Inc. v. Association of American Railroads et al., 2 Cir., 132 F.2d 408, 410-411, 145 A.L.R. 694; Levering & Garrigues Co. et al. v. Morrin et al., 2 Cir., 61 F.2d 115; Williams v. United Brotherhood of Carpenters & Joiners of America et al., D.C., 81 F.Supp. 150.

■ Therefore, there is no diversity of citizenship whatsoever in this case.[2]

Since none exists, two obstacles must be overcome before this Court can have jurisdiction. First, the interpleader statute, as found in Title 28, U.S.Code, must be interpreted to give jurisdiction over an interpleader action brought under a federal statute even though no diversity of citizenship exists. And secondly, the suit between the adverse claimants must be cognizable under that federal statute. To my mind, neither obstacle can be overcome.

First, Section 1335 of Title 28 provides in part that, "The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader * * * if (1) *Two or more adverse claimants, of diverse citizenship* as defined in section 1332 of this title, are claiming or

2. National Union and Loyal Local Union have admitted on pages 2 and 11-12 of their brief that diversity does not exist in this case.

may claim to be entitled to such money or property * * *." (Emphasis added.)

If Congress had intended that this Court should have jurisdiction over an interpleader action based on a federal question without regard to diversity of citizenship, it would have been a simple matter for them to have added the requisite words when they amended and revised this section in 1948.

■ However, they did not do so, and the above quoted portion of the interpleader statute shows that diversity of citizenship must exist between two or more adverse claimants before this Court can have jurisdiction. The presence of a federal question will not alter this requirement.

Secondly, even assuming that Section 1335 of Title 28 does give this Court jurisdiction of an interpleader action involving a federal question without diverse citizenship among the adverse parties, this action does not involve a federal question within the import of Section 301 of the Labor Management Relations Act, 1947.

Section 301(a) provides that, "Suits for violation of contracts between an employer and a labor organization * * *, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, * * * without regard to the citizenship of the parties."

A search of the legislative history of Section 301 reveals that Congress intended only to hold management and labor equally responsible for the enforcement of collective bargaining agreements, and to give the district courts jurisdiction over any violation of such agreements. I could find nothing to indicate that this section was intended to give jurisdiction over suits for violation of any other type of contract into which a labor union might enter. See Legislative History of the Labor Management Relations Act, 1947, 94, 151, 221, 279, 297, 336-337, 421-424, 569-570, 873, 1074, 1133, 1145-1146, 1483, 1497, 1654; 1 CCH Labor Law ¶ 3350.05.

So far as Sun Ship, the employer, is concerned, it has not violated any contract. It is ready, willing and able to pay the checked-off dues as soon as it knows who is the lawful payee.

As between National Union or Loyal Local Union and Disaffiliated Local Union, the contract in this case is the contract of Local Union's affiliation with National Union. Any dispute over the rights and liabilities of the parties to this contract is an internal dispute between various groups of what is or was the same labor organization. This is a family squabble. Serious differences have arisen that concern the rights of various members of the same family and no one else. Under these circumstances, district courts of the United States have no authority to assume jurisdiction.

■ Obviously, this dispute did not arise out of a violation of any collective bargaining agreement. Therefore, Section 301 cannot give this Court jurisdiction of this case. Snoots et al. v. Vejlupek et al., D.C., 87 F.Supp. 503; cf. Kriss et al. v. White et al., D.C., 87 F.Supp. 734.

■ National Union and Loyal Local Union contend that Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C.A., gives this Court jurisdiction. Rule 82 specifically states that the Rules cannot extend the jurisdiction of the United States district courts.

Neither National Union nor Loyal Local Union could successfully sue Disaffiliated Local Union in a federal court for the relief they now seek in this action. That Sun Ship filed this action for interpleader will not aid them now; they should not be allowed to do indirectly what they cannot do directly.

■ Jurisdiction is fundamental and may be questioned, even by the Court on its own motion, at any stage in the proceedings.

The motion of the plaintiffs in interpleader for summary judgment is hereby denied.

Upon the Court's own motion, the complaint of Sun Shipbuilding & Dry Dock Company and all subsequent proceedings are hereby dismissed for lack of jurisdiction.