James L. DOUGLAS, Plaintiff,

v.

UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA, an unincorporated labor association, Frank Allen, Harold Ward, Thomas F. Flanagan, Defendants.

No. 13222.

United States District Court,
E. D. Michigan, S. D.

Jan. 18, 1955.

C. W. Hatfield, Detroit, Mich., for plaintiff.

Goodman, Crockett, Eden & Robb, Detroit, Mich., for defendants.

PICARD, District Judge.

Action for libel by James L. Douglas v. United Electrical Radio & Machine Workers of America, a voluntary association with offices in New York, and three individuals, Frank Allen, Harold Ward, and Thomas F. Flanagan.

### Findings of Fact.

Defendant individuals, as agents and representatives of the labor union, an unincorporated association, at the behest of the association, allegedly published a libel during a labor dispute and defendants appeared specially, objecting to the jurisdiction of this court on the ground that there is no diversity of citizenship, and asking dismissal.

According to the complaint plaintiff is a citizen of Michigan, that the unincorporated labor association has its home office in New York, and that the individual defendants are "non-residents" of the State of Michigan.

### Conclusions of Law.

■ As stated in Grant County Deposit Bank v. McCampbell, 6 Cir., 194 F.2d 469, and many other citations, Foster v. Carlin, 4 Cir., 200 F.2d 943; Ackerman v. Hook, 3 Cir., 183 F.2d 11; Metropolis Theatre Co. v. Barkhausen, 7 Cir., 170 F.2d 481; Warfield v. Marks, 5 Cir., 190 F.2d 178, and Henley v. Protective Life Ins. Co., D.C., 95 F.Supp. 988.

Where the jurisdiction of the federal court is based on diversity of citizenship, there must exist a controversy between "citizens" of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. Here the members of defendant association come from many, perhaps all, states of the union, and it is well settled that in an action against an unincorporated union the citizenship of the members alone is decisive in determining the diversity question. Murphy v. Hotel & Restaurant Employees & Bartenders International Union, D.C., 102 F.Supp. 488; Sun Shipbuilding & Dry-Dock Co. v. Industrial Union, D.C., 95 F.Supp. 50; Williams v. United Brotherhood of Carpenters & Joiners of America, D.C., 81 F.Supp. 150, affirmed 6 Cir., 191 F.2d 860, certiorari denied 343 U.S. 935, 72 S.Ct. 773, 96 L.Ed. 1343.

If any member of the association and plaintiff are citizens of the same state— as in the case at bar—there is no diversity and the district court has no jurisdiction over said association nor any member in a representative capacity. Williams v. United Brotherhood of Carpenters & Joiners of America, supra.

■ Ordinarily these decisions would not affect the individual defendants and plaintiff might maintain a libel against one or either of them. Grinnell v. Cable-Nelson Piano Co., 169 Mich. 183, 135 N.W. 92; Bowerman v. Detroit Free Press, 287 Mich. 443, 283 N.W. 642, 120 A.L.R. 1230.

But here the union is not an indispensable party and may be eliminated as a defendant with the action continued against the other defendants. Drumright v. Texas Sugarland Co., 5 Cir., 16 F.2d 657; Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952.

■ This would be true if the plaintiff had alleged that the individual defendants are "citizens" of another state. Both the bill of complaint and amended bill state that the defendants are "residents" of a state other than Michigan.

Section 1332, subd. (a) (1) of Title 28 U.S.C. reads as follows:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States".

See also Brooks v. Yawkey, 1 Cir., 200 F.2d 663, Gerstman v. Poole, D.C., 88 F.Supp. 733.

Whether this was an error does not appear any place in the record or pleadings, which is also important, Gerstman v. Poole, supra, but since there is a

difference between "resident" and "citizen" and the jurisdiction of the court has been questioned, we must grant the motion to dismiss on the failure to claim diversity of "citizenship" not only as to the union but also the other defendants.