**BURLESQUE ARTISTS ASSOCIATION,**
Plaintiff

v.

**AMERICAN GUILD OF VARIETY ART-
ISTS** and Association of Actors and
Artistes of America, Defendants.

United States District Court
S. D. New York.
Aug. 14, 1958.

John F. X. Masterson, New York City,
for plaintiff.

Benenson & Israelson, New York City,
for defendant.

CASHIN, District Judge.

Burlesque Artists Association (BAA)
brings this action against American
Guild of Variety Artists (AGVA) and
Association of Actors and Artistes of
America (AAAA) under 29 U.S.C.A. §
185, alleging that it is a suit for viola-
tion of contracts between labor organ-
izations within the meaning of that Sec-
tion.

All three parties are concededly labor
organizations involved in interstate com-
merce. The AAAA operates in the en-

tire entertainment field, and is composed of various branch organizations, including both the BAA and the AGVA. The BAA's charter gives it exclusive jurisdiction over the burlesque industry, and the AGVA's charter gives it exclusive jurisdiction over vaudeville, night club, circus and carnival entertainers. This suit now alleges various violations by the AGVA of the Constitution, By-Laws, regulations and resolutions of the AAAA to the BAA's detriment, and the AAAA's failure to remedy these violations. Defendants move to dismiss on the ground that the alleged claim does not fall within 29 U.S.C.A. § 185, and no diversity of citizenship exists.

The decision of this motion turns on a single point—the meaning of 29 U.S.C.A. § 185(a). The Section reads as follows:

> "*Suits for violation of contracts* between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or *between any such labor organizations,* may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (Emphasis added.)

The language of the Statute, read alone, clearly would encompass the claim stated here. Since the term "contract" is not defined, ordinarily it would be given its customary and accepted meaning.

However, plaintiff points to the legislative history as indicating an intent on the part of Congress that the Section should apply only to "collective bargaining" contracts. The Supreme Court has indicated that the legislative history should be examined even where the language of the Statute is clear. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 444, 75 S.Ct. 489, 99 L.Ed. 510. The legislative history makes it clear that the Statute as first drafted was intended to apply only to

collective bargaining agreements (H.R. 3020, as reported; S. 1126, as reported). S. 1126, for example, used the express words "contracts concluded as the result of collective bargaining". Thus, discussions on the floor of Congress were in regard to the bills in their reported form, and not to the language as finally amended and passed. This Court feels that if the Congress intended the term "contracts" to refer only to collective bargaining agreements, the elimination of the words "concluded as a result of collective bargaining" and the addition of the words "between any such labor organizations" in the Section as passed, makes no sense at all. In eliminating the "collective bargaining" phrase Congress must have envisioned a broader scope for the word "contracts".

This Court recognizes that its decision clashes with that of Sun Shipbuilding & Dry-Dock Co. v. Industrial Union of Marine & Shipbuilding Works of America, D.C.E.D.Pa.1950, 95 F.Supp. 50. The Court there found that the legislative history clearly indicated that Congress intended Section 185 to apply only to collective bargaining agreements. That Court took no note of the fact that the "collective bargaining" phrase was eliminated in the final draft, and therefore this Court feels that it erred in interpreting the congressional purpose. The plain language of the Statute itself and the broadening of its language by Congress at the time of passage both indicate a broader scope for the word "contracts" than contracts solely arising out of collective bargaining.

Defendants also argue that the parties here are not separate labor organizations but component parts of a single labor organization and thus fail to satisfy the statutory requirement that the suit be "between * * * labor *organizations*". This was another basis for the decision in the Sun Shipbuilding case, supra. However, the type of association between the parties in this case is not the same as in Sun Shipbuilding v. Industrial, supra, and the pleadings

raise a triable issue of fact as to whether or not the parties are separate labor organizations.

Defendants' motion to dismiss the action is denied.

It is so ordered.