Charles B. SCHETTER, a/k/a C. B. Schetter, Plaintiff,

v.

Laura M. HEIM, Marcella H. Schetter, John Doe, Mary Roe and Unknown Grantees, Devisees, Personal Representatives, Successors and Assigns, Defendants.

No. 68–C–319.

United States District Court
E. D. Wisconsin.

June 11, 1969.

Jack V. Silbar, Menomonee Falls, Wis., for plaintiff.

William H. Bowman, Milwaukee, Wis., for defendants.

## OPINION AND ORDER

REYNOLDS, District Judge.

The complaint in this civil action sets forth eight causes of action. In summary, they allege that the plaintiff, Charles B. Schetter, was the owner of several parcels of real estate situated in Washington and Waukesha Counties, located within this district. The complaint further alleges that as a result of threats, coercion, and fraudulent representations made by the defendants Heim and Schetter, the plaintiff, Charles B. Schetter, was fraudulently induced to convey and mortgage the aforementioned realty to the defendants Heim and Schetter; and that as a part of the defendants' conspiracy to defraud the plaintiff of his property, the defendants, under color of state law, secured the false arrest and detention of the plaintiff for purposes of determining his mental competence.

The defendants have moved to dismiss this action on the ground that this court lacks jurisdiction over both the parties and the subject matter. The parties have filed briefs on this motion and have argued the issues to the court. The matter is therefore ready for decision.

The plaintiff alleges that the jurisdiction of this court is founded on several sections of the United States Code. These sections may be divided into those dealing with the diversity jurisdiction of a federal district court (28 U.S.C. §§ 1332 and 1655) and those dealing with the court's federal question jurisdiction (28 U.S.C. § 1343 and 42 U.S.C. §§ 1981, 1982, and 1983).

### Diversity Jurisdiction

Section 1332 of Title 28 U.S.C. provides in pertinent part as follows:

"§ 1332. Diversity of citizenship; amount in controversy; costs

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, ex-

clusive of interest and costs, and is between—

"(1) citizens of different States;

"(2) citizens of a State, and foreign states or citizens or subjects thereof; and

"(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties."

■ The requirement of subsection (a) (1) that a suit be between "citizens of different States" has been interpreted to mean that all parties on one side of the controversy must be citizens of different states from all parties on the other side. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806); Hyde v. Ruble, 104 U.S. 407, 26 L.Ed. 823 (1881); Blake v. McKim, 103 U.S. 336, 26 L.Ed. 563 (1880); Thompson v. Moore, 109 F.2d 372 (8th Cir. 1940); Douglas v. United Electrical, Radio and Machine Workers of America, 127 F.Supp. 795 (E.D.Mich. 1955).

■ In the present action, the pleadings indicate that the requisite complete diversity of citizenship is lacking. Both the plaintiff and one of the defendants, Marcella H. Schetter, are citizens of the State of Florida.

■ The plaintiff, however, argues that the concept of minimal, not complete, diversity should be applied in the present case. The concept of minimal diversity is an exception to the general requirement of complete diversity, which exception was developed in federal interpleader cases in order to prevent the requirement of complete diversity from emasculating the availability of federal interpleader. That rationale for deviating from the general requirement of complete diversity is not present in this action, and in my opinion it would be improper to extend the interpleader exception to the present action.

■ The plaintiff has also urged the court to realign the parties so as to sustain diversity of citizenship jurisdiction. The alignment of parties as plaintiffs and defendants in the pleadings is not conclusive for purposes of determining jurisdiction. Rather, in determining how parties to a lawsuit should be aligned for purposes of diversity, the courts look to the ultimate interests of the parties. Plaintiff contends that in as much as the plaintiff and one of the defendants, Marcella H. Schetter, were co-owners of the parcels of realty in question as well as husband and wife, Marcella H. Schetter should be realigned as a party plaintiff for purposes of jurisdiction. I am of the opinion, however, that the ultimate interest of the defendant, Marcella H. Schetter, lies with her co-defendant, Laura M. Heim, and not with her plaintiff-husband whom it is alleged she sought to defraud to the common profit of herself and her co-defendant.

For the foregoing reasons, I am of the opinion that jurisdiction of the court cannot in this instance be based on § 1332.

■ The other section dealing with diversity jurisdiction upon which the plaintiff relies is 28 U.S.C. § 1655 which provides:

"§ 1655. Lien enforcement; absent defendants

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent

defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just."

This section is intended to deal with the problem of service upon an absent defendant in a quiet title action where the realty involved is located within the district *and* diversity of citizenship exists as between the plaintiffs and defendants. It does not establish a separate basis for jurisdiction in a federal court; diversity of citizenship with the requisite jurisdictional amount remains the basis for jurisdiction. Having already found that diversity jurisdiction is not present in this action, § 1655 can in no way confer jurisdiction upon this court. It therefore becomes necessary to determine whether this court's jurisdiction can be sustained on the ground that a federal question is involved in this action.

### Federal Question Jurisdiction

In alleging the federal question jurisdiction of this court, plaintiff relies on 28 U.S.C. § 1343(4) which provides that "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * (4) to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." The specific Acts of Congress upon which plaintiff relies are §§ 1981, 1982, and 1983 of Title 42 of the United States Code.

Sections 1981 and 1982 provide as follows:

"§ 1981. Equal rights under the law.

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

"§ 1982. Property rights of citizens.

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

The clear purpose of these sections is to provide for equality between persons of different races. In order for a plaintiff to predicate an action on either of these sections, he must have been deprived of a right which, under similar circumstances, would have been accorded to a person of a different race. These sections are clearly limited to racial discrimination—they do not pertain to discrimination on grounds of religion or national origin. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed. 2d 1189 (1968); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); Agnew v. Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957). There being no allegations of racial discrimination in the record of this case, I am of the opinion that in the present action §§ 1981 and 1982 fail to confer jurisdiction upon this court.

The last section upon which plaintiff relies is 42 U.S.C. § 1983 which provides:

"§ 1983. Civil action for deprivation of rights.

"Every person who, under color of any statute, ordinance, regulation, cus-

tom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ To constitute a violation of § 1983, the defendants' alleged deprivation of the plaintiff's constitutional rights must have been accomplished "under color of law." This section does not protect one from invasion of his private rights by individual action.

Plaintiff's eighth cause of action alleges that defendants Heim and Schetter conspired under color of law to deprive the plaintiff of his right to remain secure in his person and property in violation of the due process clause of the fourteenth amendment. More specifically, the plaintiff claims that Marcella H. Schetter, in conspiracy with Laura M. Heim, executed a verified affidavit in the County Court of Broward County, Florida, in Case No. 3662 to the effect that the plaintiff was incompetent and in the interest of the public as well as his personal safety should be confined for observation and examination; that as a result of said affidavit, a court order was issued for the arrest and detention of the plaintiff, and that the plaintiff was in fact so arrested and detained; that during the course of his detention plaintiff was held incommunicado for eight days without benefit of judicial hearing and without being advised of his rights; and that after eight days of such detention, the defendant, Marcella H. Schetter, secured the plaintiff's release into her custody. Plaintiff further claims that the defendants' purpose in securing the plaintiff's incarceration and subsequent release was not to secure the safety of the plaintiff or the public, but rather to further coerce the plaintiff into relinquishing his ownership over the realty in question.

■ Assuming for purposes of this motion that the plaintiff's allegations are true, I fail to find the involvement of state action that is requisite to invoking jurisdiction under §§ 1983 and 1343(4). In securing the plaintiff's detention and subsequent release, the defendants were acting in their individual capacities. Section 1983 has been held to apply solely and exclusively to acts by state officers who use their authority, or misuse it, or purport to use their authority (although, in fact, acting outside their official function) to deprive a person of federally protected rights. Private persons, although they may in fact deprive another person of federally protected rights, are not liable under § 1983. Haldane v. Chagnon, 345 F.2d 601 (9th Cir. 1965); Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963); Jemzura v. Belden, 281 F.Supp. 200 (N.D.N.Y.1968). The plaintiff's reliance on Johnson v. Crumlish, 224 F.Supp. 22 (E.D.Pa.1963), may be distinguished on the ground that in the present action there are no allegations of conspiracy between the defendants acting in their individual capacities and in furtherance of their individual interest and any state officials. Such being the case, the present action fails to come within the limits of § 1983.

For the foregoing reasons, I am of the opinion that the complaint in the instant case, viewed in the light most favorable to the plaintiff, fails to raise any federal question. Having already found that the instant action does not come within the diversity jurisdiction of this court,

It is ordered that the defendants' motion to dismiss this action should be and it hereby is granted.

It is further ordered that plaintiff's complaint be dismissed with prejudice for lack of either diversity or subject matter jurisdiction. The clerk of this court is directed to enter judgment dismissing the complaint.