Roger E. DES VERGNES, et
al., Plaintiffs,

v.

The SEEKONK WATER DISTRICT,
et al., Defendants.

Civ. A. No. 77-1251-C.

United States District Court,
D. Massachusetts.

Jan. 10, 1979.

Michael J. Duggan, Stephen D. Clapp, Armstrong, Pollis & Clapp, North Attleborough, Mass., for plaintiffs.

William E. Hickey, Quincy, Mass., John J. Graham, Boston, Mass., for Seekonk Water District.

Alvin Jack Sims, Brockton, Mass., for Barbara R. Mann.

Larry C. Kenna, Lawrence B. Litwak, John A. Nadas, Choate, Hall & Stewart, Boston, Mass., for defendants Devine and Tortolani.

MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

An Order was filed in *DesVergnes v. Seekonk Water Dist.*, 448 F.Supp. 1256 (D. Mass. 1978), on April 14, 1978, which dismissed plaintiffs' complaint. A lengthy Memorandum analyzing the reasons underlying the Order was also filed on that date. Thereafter, plaintiffs moved for leave to file an amended complaint which added a Count 3 to the original complaint. The motion to amend was allowed over defendants' objection. Defendants Mann, Devine and Tortolani moved to dismiss the amended complaint on the grounds that Count 3, which purported to state a cause of action under 42 U.S.C.A. § 1981, failed to state a claim upon which relief can be granted.

These motions to dismiss were orally argued and briefed by the parties, and, after hearing, I rule that the amended complaint should be dismissed because it fails to state a cause of action within the purview of Section 1981. Plaintiff failed to allege he is a member of any class traditionally protected by Section 1981, see, *e.g., Schetter v. Heim*, 300 F.Supp. 1070, 1073 (E.D. Wis. 1969), or that he is the victim of any class-based animus. The factual basis of the case is spelled out at length in the April 14 Memorandum and need not be repeated herein. Suffice it to say that in dismissing Count 3 the Court has in mind the considerations mentioned in the analysis contained in 448 F.Supp. at 1261–62. I further rule that the cases relied on by plaintiffs in opposition to the motion to dismiss, namely, *Trafficante v. Metropolitan Life Ins. Co.*, 446 F.2d 1158 (9th Cir. 1971), *rev'd on other grounds*, 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972); *Langford v. City of Texarkana*, 478 F.2d 262 (8th Cir. 1973); and *United Farmworkers of Florida Housing Project, Inc. v. City of Delray Beach*, 493 F.2d 799 (5th Cir. 1974); *see also Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975), do not support plaintiffs' contentions herein.

At the time the Court entered the April 14 Order, the United States Supreme Court

had not yet decided *Monell v. Dept. of Social Service of New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). That decision establishes that a municipal corporation is now suable if certain criteria are met. I rule, *sua sponte*, that plaintiffs' Section 1981 cause of action should also be dismissed against the Seekonk Water District for failure to state a cause of action on the basis of which relief may be granted under Section 1981 because there is no allegation in the complaint that can be construed to meet the criteria of *Monell.*

Accordingly, it is ORDERED:

Count 3 of plaintiffs' complaint under Section 1981 is dismissed. Judgment for defendant.