WEST CLERMONT EDUCATION ASSOCIATION, APPELLANT, *v.*
WEST CLERMONT LOCAL BOARD OF EDUCATION, APPELLEE.

[Cite as West Clermont Edn. Assn. v. West Clermont Bd. of
Edn. (1980), 67 Ohio App. 2d 160.]

(No. 842—Decided March 12, 1980.)

*Biegel & Kirkland Co., L.P.A.,* and *Mr. James R.
Kirkland,* for appellant.

*Messrs. Ennis & Roberts, Mr. J. Michael Fischer* and *Mr.
George E. Roberts, III,* for appellee.

PALMER, J. Plaintiff-appellant, West Clermont Educa-
tion Association, is an unincorporated association which
represented all certificated teaching employees of defendant-
appellee, West Clermont Local Board of Education, in the
negotiation of a collective bargaining agreement, hereafter
referred to as the master agreement. In addition to the master
agreement, the employment of each teacher was subject to the
terms of a separate contract between the appellee and each in-
dividual certificated employee. The appellant concedes that it
had no part in negotiating these individual contracts, but

brought this action for declaratory judgment and injunctive relief based on the appellee's alleged breach of the individual contracts signed by certain of the appellant's members and the appellee's alleged violation of R. C. 3319.08. Specifically, the appellant contended that the appellee, pursuant to a clause in the individual contracts, required some of the freshman and sophomore class teachers at Amelia High School to supervise various extracurricular student activities, without additionally compensating them therefor, arguably in violation of R. C. 3319.08.[1] The teachers involved were not made parties to the suit; and, on the appellee's motion, the Court of Common Pleas of Clermont County dismissed the complaint, finding that the appellant was not the real party in interest, and thus, had no standing to prosecute the instant action. This appeal followed and presents one assignment of error for review.

The single assignment of error challenges the court's dismissal of the complaint. The appellant argues that R. C. 1745.01, providing that an unincorporated association may sue or be sued on behalf of its members, and Civ. R. 17(A), stating that a party authorized by statute may sue in his own name as representative without joining with it the persons for whose benefit the action is brought, read together, confer upon the appellant the status of a real party in interest with standing to bring this suit. However, R. C. 1745.01, contrary to appellant's assertion, merely grants to unincorporated associations the *capacity* to sue without joining its individual members as parties, a right such organizations did not enjoy at common law, and clearly does not purport to authorize the appellant to bring any suit, regardless of subject matter, on behalf of any, some, or all of its members. Though the appellant may have the capacity to sue by virtue of R. C. 1745.01, it does not necessarily follow that it is sufficiently "interested"

[1] R. C. 3319.08 provides, in relevant part, that:

"The board of education of each city, exempted village, local, and joint vocational school district shall enter into written contracts for the employment and reemployment of all teachers. The board of education of each city, exempted village, local, and joint vocational school district, which authorizes compensation in addition to the base salary stated in the teachers' salary schedule, for the performance of duties by a teacher which are in addition to the teacher's regular teaching duties, shall enter into a supplemental written contract with each teacher who is to perform additional duties.***Such written contracts and supplemental written contracts shall set forth the teacher's duties and shall specify the salaries and compensation to be paid for regular teaching duties and additional teaching duties, respectively,***."

in the subject matter of this action to satisfy the requirement of Civ. R. 17(A) that "[e]very action shall be prosecuted in the name of the real party in interest." See Civ. R. 17(A), Staff Note.

A "real party in interest" is one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, *i.e.*, one who is *directly* benefitted or injured by the outcome of the case. *State, ex rel. Dallman,* v. *Court of Common Pleas* (1973), 35 Ohio St. 2d 176; *In re Highland Holiday Subdivision* (1971), 27 Ohio App. 2d 237. Here, it is undisputed that the appellant did not participate in the negotiation of, nor was it a party to, the individual contracts whose breach is asserted in the complaint.[2] Nor was the appellant itself directly injured by the arguable violation of R. C. 3319.08, and it would not directly benefit by the injunctive relief sought here.[3] We are thus unable to conclude that the court erred in determining that the appellant was not the real party in interest and that the suit more appropriately would be brought by those individual teachers adversely affected by the alleged illegality.

Our conclusion is buttressed by *Rock Drilling, Local Union No. 17,* v. *Mason & Hangar Co.* (S.D.N.Y. 1950), 90 F. Supp. 539, affirmed (C.A. 2, 1954), 217 F. 2d 687, certiorari denied (1955), 349 U. S. 915, a case in which a labor union's local organization attempted to sue an employer on behalf of various members of the local organization who were employees of the defendant and who had allegedly been deprived of compensation otherwise due them as a result of the defendant's alleged bribery of a high union official. The court held that although the Taft-Hartley Act conferred capacity to sue in behalf of its members upon the local, that

---

[2] Since the individual contracts are not themselves part of the record, nor even a specimen copy thereof, we have no basis for assuming appellant's factual assertion that such individual contracts expressly incorporated the master agreement into each such contract, or for considering appellant's argument that such "fact" made it a party to the individual contracts.

[3] The "injury" argued by appellant was injury to the individual aggrieved teachers through possible reprisals, rather than injury to the appellant, as such; and the "benefit" argued was that, if appellant prevails, it will have "insured its members the full benefit of the applicable state law." While these concerns of the appellant are clearly benevolent and paternal, they do not seem to us to be the sort of *direct* injury or benefit that the concept of real party in interest requires.

Act did not have the effect of appointing labor organizations as trustees *ad prosequendum* or guardians *ad litem* for its members in any employer-employee dispute which may arise. Finding, as we have found in the instant action, that the plaintiff was not suing on a contract to which it was a party and that it was not suing to recover damages for an injury sustained by itself, but rather was suing to recover damages for injuries sustained only by some of its members, the court held it lacked jurisdiction to entertain the suit because the labor organization was not the real party in interest, as Fed. R. Civ. P. 17(a) required. Accordingly, we overrule the assignment of error.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

BETTMAN, P. J., and KEEFE, J., concur.