**WILSON & CO., Inc. v. UNITED PACKING-HOUSE WORKERS OF AMERICA et al. (United States, Intervenor).**

United States District Court
S. D. New York.
Feb. 18, 1949.

164

McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt, of New York City, Richard C. Winkler, of Chicago, Ill., and Burgess Osterhout and H. Gardner Ingraham, both of New York City, of counsel), for plaintiff.

Pressman, Witt & Cammer, of New York City (Lee Pressman, of New York City, Eugene Cotton, of Chicago, Ill., and Harold I. Cammer and Ralph Shapiro, both of New York City, of counsel), for defendants.

John F. X. McGohey, U. S. Atty., of New York City, (Roscoe L. Barrow and Joseph M. Friedman, both of Washington, D. C., of counsel), for intervener.

KAUFMAN, District Judge.

The defendants move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss this action upon the grounds that (1) the court lacks jurisdiction over the subject matter of the action, and (2) the court lacks jurisdiction over the person of the defendant, United Packinghouse Workers of America.

Plaintiff, an employer, has brought this suit to recover the sum of $50,000 as damages for an alleged breach of a written collective bargaining agreement made by it with the defendants in October of 1947. Plaintiff alleges that it is engaged in a business affecting commerce and that the defendants are labor organizations and voluntary unincorporated associations representing employees in an industry affecting commerce and have officers and agents engaged in such representation in this district. The defendants are alleged to have breached the terms of the agreement by causing strikes and work stoppages in March of 1948 in certain of the plaintiff's plants located in New York.

Jurisdiction is invoked under Section 301 (a) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(a) (hereinafter referred to as the "Act"), which provides that "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district Court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties"; and under 28 U.S.C.A. § 1337, which provides that "the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce * * *."

The constitutionality of Section 301, 29 U.S.C.A. § 185, has been drawn in question by the defendants' motion and the United States has intervened. 28 U.S.C. A. § 2403.

First. It is contended by defendants that Section 301(a) is unconstitutional as applied to this case, in that it extends the jurisdiction of this court beyond the limitations prescribed by Article III, Section 2, of the Constitution of the United States, which, insofar as here material, provides that "the judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, * * * to Controversies * * * between Citizens of different States * * *."

Defendants argue that the action is one for breach of contract, to enforce a right existing under the common law of the State of New York; that there is no diversity of citizenship, and the case is not one arising under the Constitution or laws of the United States or upon any other ground set forth in Article III, Section 2 of the Constitution. Consequently, runs the argument, Congress was without power to confer jurisdiction over the case on the District Court. Hodgson v. Bowerbank, 5 Cranch 303, 3 L.Ed. 108; Ex parte Bakelite Corporation, 279 U.S. 438, 449, 49 S. Ct. 411, 73 L.Ed. 789; Behlert v. James

Foundation of New York, D.C. N.Y., 60 F.Supp. 706.

The argument must fail.

■ The spirit as well as the letter of the Act makes it clear that in setting up the machinery for the negotiation of collective bargaining agreements, their execution, effect and enforcement, Congress recognized and regarded the observance and enforcement of such contracts as a matter of federal concern incident to the regulation of commerce, and intended to create a right in each of the parties to such contracts to the observance and the performance thereof by the other. Section 301 (a) of the Act, authorizing suits for violation of such agreements, would be meaningless on any other hypothesis and would attribute to Congress the anomalous action of providing for remedy and a forum in which to enforce it, without creating a right to remedy or to enforce. The very inclusion of Section 301 shows, on its face, and the legislative history of the Act confirms the Congressional intention, that other provisions of the Act, for redressing unfair labor practices, were not an exclusive statement of the rights created by the Act, and did not eliminate or militate against the right to seek relief in the federal courts for violations of collective bargaining agreements between employers and labor organizations.

■ There can be no doubt that Congress, under its power to regulate commerce, could constitutionally create such substantive rights (see Section 22(a), Securities Act, 1933, as amended, 15 U.S.C.A. § 77v(a); Section 16(b), Fair Labor Standards Act, 1938, as amended, 29 U.S.C.A. § 216(b); and the legislative history of the Act fully supports the conclusion that Congress not only intended to do so, but that it regarded the language it used as sufficient and effective to do so. S.Rept. No. 105, 80th Cong., 1st Sess., pp. 3, 15–17; H.Rept. No. 245, 80th Cong., 1st Sess., pp. 6, 45, 46; House Conference Rept. No. 510, 80th Cong., 1st Sess., p. 52; 93 Cong. Rec. 6443, 7537.

■ To adopt defendants' contention would violate the cardinal principles that a court should adopt that construction of a statute which will sustain its constitutionality, Grenada County Supervisors v. Brogden, 112 U.S. 261, 268, 5 S.Ct. 125, 28 L.Ed. 704; United States v. Delaware & Hudson Co., 213 U.S. 366, 407, 29 S.Ct. 527, 53 L.Ed., 836; National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 30, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, and effect the Congressional purpose, Durousseau v. United States, 6 Cranch 307, 314, 3 L.Ed. 232; United States, for Use of Hill, v. American Surety Co., 200 U.S. 197, 203, 26 S.Ct. 168, 50 L.Ed. 437; United States v. Hutcheson, 312 U.S. 219, 235, 61 S.Ct. 463, 85 L.Ed. 788; worse than that, it would give to the Act a construction at variance with the one put upon it by the Congress which enacted it.

The question now under discussion was raised and decided in Colonial Hardwood Floor Co. v. International Union, D.C.Md., 76 F.Supp. 493, affirmed 4 Cir., 168 F.2d 33. In overruling the contention on which defendants rely here, Judge Chesnut said, 76 F.Supp. 493, at page 496:

"The defendants also raise various constitutional questions. First it is said that the court is without jurisdiction of the case in the absence of diversity of citizenship. The point made is that under Article III of the Constitution judicial power is limited to cases of diverse citizenship or to cases arising under the Constitution, Treaties or laws of the United States; and that the controversy in this case does not arise under a law of the United States. See Barnhart v. Western Maryland Ry. Co., D.C. Md. 41 F.Supp. 898, affirmed 4 Cir., 128 F. 2d 709. But I think this contention untenable here. Osborn v. Bank of United States, 9 Wheat. 738, 6 L.Ed. 204; Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. The Labor Management Act creates important substantive rights between employers and employees engaged in interstate commerce, and section 301 expressly authorizes suits of this character in district courts of the United States. It is clearly, therefore, a suit arising under a law of the United States."

See also Note, 57 Yale L.J. 630.

■ Second. It is contended by defendants that Section 301 infringes upon the rights reserved to the States under the

Tenth Amendment in that it sets forth the circumstances when and the manner in which a Union may be sued in a case which does not involve the enforcement of a federal right. In view of the fact that the enforcement of a federal right is involved in the instant case, the argument falls. It is clear that Congress, having created a substantive right in the exercise of its power under the commerce clause, art. 1, § 8, Cl. 3, may also provide the procedure for enforcing that right by making voluntary labor organizations legal entities for the purpose of suit. United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 383–392, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; cf. Rule 17(b) of the Federal Rules of Civil Procedure. In so far as state laws may conflict, they must yield to the paramount congressional legislation when a federal right is asserted as the basis of suit.

Third. It is contended by defendants that Section 301 subjects voluntary unincorporated labor organizations to suits in foreign forums and to service of process by procedures which are inapplicable to other unincorporated organizations; and that in so doing Congress has made an unreasonable and arbitrary discrimination against unincorporated labor organizations which deprives the defendant, United Packinghouse Workers of America, of the equal protection of the laws as guaranteed by the due process clause of the Fifth Amendment.

■ Unlike the Fourteenth Amendment, the Fifth Amendment has no equal protection clause and it restrains only such discriminatory legislation as amounts to a denial of due process. Detroit Bank v. United States, 317 U.S. 329, 337–338, 63 S.Ct. 297, 87 L.Ed. 304; Hirabayashi v. United States, 320 U.S. 81, 100, 63 S.Ct. 1375, 87 L.Ed. 1774.

■ Section 301 is not invalid by that test. Its purpose was to do away with the difficulties which arose in attempting to enforce the provisions of collective bargaining agreements by reason of the fact that in many states labor unions were not suable as entities and in others only under certain circumstances, and that relief against the members individually was generally impracticable, if not unattainable. By holding the parties to such agreements to a higher degree of responsibility, Congress endeavored to carry out the purpose and policy of the Act. It was not necessary for Congress to make the statute applicable to all unincorporated associations for there is no requirement of uniformity in connection with the commerce clause. Currin v. Wallace, 306 U.S. 1, 14, 59 S.Ct. 379, 83 L.Ed. 441; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 401, 60 S.Ct. 907, 84 L.Ed. 1263. Connolly v. Union Sewer Pipe Co. 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679, upon which defendants rely, "has been worn away by the erosion of time, and we are of opinion that it is no longer controlling." Tigner v. State of Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124, 130 A.L.R. 1321.

■ Fourth. It is contended by defendants that Section 301 as applied in this case deprives the defendant, United Packinghouse Workers of America, of due process of law in violation of the Fifth Amendment, in that it provides that service of process upon an agent shall constitute service on a labor organization. The argument is made that since the principal offices of defendant are located in Illinois, it is to be regarded as having a residence in that forum; and that service of process upon its agent in New York is not such as will subject it, a non-resident, to the jurisdiction of this court. Service in the instant case was effected on the defendant's District Director for this area, who is also a member of its Executive Board. The defendant does not contend that it is not engaged in representing employees in this district through its agents, nor does it contend that service was not effected upon its agent within the meaning of Section 301 (d) of the Act. Neither is it urged that the service was not such as was reasonably calculated to give the defendant notice and an opportunity to appear and defend. In these circumstances the defendant was not deprived of due process of law. Operative Plasterers', etc., Ass'n of United States and Canada v. Case, 68 App.D.C. 43, 93 F.2d 56, 65–68; see International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66

S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; Tunstall v. Brotherhood, 4 Cir., 148 F.2d 403, 406; Christian v. International Ass'n of Machinists, D.C.Ky., 7 F.2d 481, 482.

█ Fifth. It is contended that this court has no jurisdiction over the defendant, United Packinghouse Workers of America, by reason of the fact that service was not effected in accordance with Section 13 of the New York General Associations Law, McK.Consol.Laws, c. 29. Inasmuch as service was effected in the manner provided by Rule 4(d) (7) of the Federal Rules of Civil Procedure and Section 301(d) of the Labor Management Relations Act, the argument is without merit.

Motions denied. Settle order on notice.