**REED et al. v. FAWICK AIRFLEX CO., Inc.**
**Civ. No. 26332.**

United States District Court
N. D. Ohio, E. D.
Sept. 29, 1949.

Davis, Davis & Handelman and D'Arnold Davis, Cleveland, Ohio, for plaintiff.

Charles W. Steadman, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Plaintiffs have filed an amended petition praying for damages for alleged breach of a collective bargaining contract between plaintiff union and defendant.

Defendant has moved to dismiss the action insofar as the amended complaint purports to state claims against defendant for refusing to bargain collectively with plaintiffs and for encouraging the organization of a rival labor organization among its employees.

■ The allegations to which the motion is directed are contained in paragraphs H and K of the amended complaint. Defendant contends that the misconduct charged in those paragraphs constitutes unfair labor practices under 29 U.S.C.A. § 158(a) (5) and 158(a) (1) and (2) and that therefore this Court lacks jurisdiction of the subject matter. This conclusion is based upon the fact that under 29 U.S.C.A. § 160 the National Labor Relations Board is empowered to prevent unfair labor practices. The Boards are authorized to petition the Courts of Appeals for enforcement of their orders under 29 U.S.C.A. § 160(e). In Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183, cited by defendant, the Circuit Court held that a district court had no jurisdiction under the National Labor Relations Act, "to redress by injunction or otherwise the unfair labor practices which it defined." Id., 167 F.2d at page 186. In that case the union had asked the district court for an injunction requiring the employer to bargain with it and for damages for loss of wages to union members as a result of the strike.

It is clear that this Court has no jurisdiction to entertain a petition for relief as to unfair labor practices. Whether acts which constitute unfair labor practices under the statute have been committed by an employer and, if so, what remedies will be prescribed for the employees are matters within the exclusive jurisdiction of the Board. If a particular labor union is not in a position to invoke the Board's authority, that is a matter of concern only to the union.

■ If, however, a particular act is the subject of an agreement between employer and union and the union sues for breach of that contract, the District Court could not be ousted of its jurisdiction to hear and

determine the case merely because the act constituted not only breach of contract but also an unfair labor practice. To the extent that the amended petition herein attempts to state a claim as to alleged unfair labor practices under the statute, defendant's motion will be granted. But to the extent that the amended complaint charges a breach of contract, this Court has jurisdiction of the subject matter.

The phrases, "all in violation of Sec. 8(d) (2) of the Labor-Management Relations Act of 1947 [29 U.S.C.A. § 158(d) (2)]" in paragraph H and, "and under the laws of the United States," in paragraph K of the amended complaint will be stricken and it will then be clear that the claims set forth in those paragraphs relate solely to breach of contract and not to statutory violations by defendant.

Defendant also moves to drop plaintiffs Reed and Stamm as parties on the ground of misjoinder.

Title 29 U.S.C.A. § 185(a) which gives this Court jurisdiction of the subject matter of this action provides as follows: "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations; may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Defendant states that this provision gives a union the right to sue, but does not confer such right upon individual members of such union.

Plaintiffs agree to drop Reed and Stamm as parties plaintiff (plaintiffs' brief, p. 1.).

Defendant's motion for a more definite statement as to the manner in which it allegedly breached the contract will be sustained. Let the plaintiff attach a copy of the contract to the amended complaint and allege, in paragraphs H, J, K, and L what sections of the contract have been breached. As those paragraphs now stand it is impossible to determine what the plaintiff is charging constituted breaches of the contract.