## AMERICAN FEDERATION OF LABOR v. WESTERN UNION TELEGRAPH CO.

No. 10955.

United States Court of Appeals
Sixth Circuit.

Jan. 31, 1950.

Thurlow Smoot, Cleveland, Ohio (Frank Bloom, Washington, D. C., Smoot & Riemer, Cleveland, Ohio, on the brief), for appellant.

Robert M. Weh, Cleveland, Ohio (Robert M. Weh, Burgess, Fulton & Fullmer, Cleveland, Ohio, on the brief), for appellee.

Before HICKS, Chief Judge, MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

In this action, brought in the United States District Court for the Northern District of Ohio, the defendant, Western Union Telegraph Company, filed a motion to dismiss upon the ground that "the Court lacks jurisdiction of the subject matter." Judge Wilkin entered the following ruling in writing: "Having considered the defendant's motion to dismiss, the same is hereby sustained." Subsequently, the Chief Judge for the district entered this order: "The court having heretofore sustained the defendant's motion to dismiss, it is therefore ordered that the complaint herein is hereby dismissed at plaintiff's costs." The record is bare of any pronouncement by the district court of any reasons for dismissing the action. The American Federation of Labor, plaintiff below, has appealed from the *ipse dixit* order of dismissal.

The summary action of the district court foreclosed the introduction of any evidence. We must look to the complaint alone, therefore, to determine whether the district court lacked jurisdiction to entertain it.

At the outset, it should be observed that jurisdiction is not rested upon diversity of citizenship. In its first numbered paragraph, the complaint asserts that jurisdiction of the United States District Court is based on section 301 of the Labor Management Relations Act, 1947, Title 29 U.S.C.A. § 185, and on the Declaratory Judgment Act, section 274(d) of the Judicial Code, as amended, Title 28 U.S.C.A. § 400, 28 U.S.C.A. §§ 2201, 2202.

Section 301 of the Labor Management Relations Act, 1947, provides in the first three paragraphs, as follows: "(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this Act and any employer whose activities affect commerce as defined in this Act shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

This Act makes it plain that the amount in controversy or the citizenship of the parties in no wise affects the jurisdiction of the United States District Court in actions for violation of contracts between an employer and the collective bargaining agency representing its employees; that such actions may be brought in any district where duly authorized officers or agents of such labor organization are engaged in representing or acting for employee members; and that a labor organization may sue in a United States court in behalf of employees whom it represents. The complaint herein is a well drawn pleading and sets forth in detail the factual basis upon which relief is sought in the United States court.

It is well settled that a motion to dismiss for failure to state a claim should not be granted, unless it appears certain that the plaintiff would not be entitled to relief under any set of facts proved in support of his claim as stated. This principle has been applied in actions brought under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827; Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 177 F.2d 529; Clyde v. Broderick, 10 Cir., 144 F.2d 348.

The complaint avers that the appellant labor organization is and has been at all material times duly certified by the National Labor Relations Board as the exclusive bargaining representative of more than forty thousand employees of the appellee, including employees in its Cleveland, Ohio, office and specifically Mae Hart, formerly employed there as a telephone operator. The further allegation is made that authorized agents of appellant are engaged in representing employees of appellee in the judicial district of the United States in which the action was brought. This allegation meets the requirements stated in paragraphs (a), (b) and (c) of section 301 of the Labor Management Relations Act of 1947, *supra,* to vest jurisdiction in the United States District Court for the Northern District of Ohio if the complaint presents a suit for violation of contract between the Western Union and the American Federation of Labor.

The complaint alleges that appellant and appellee entered into two collective bargaining agreements in writing, effective respectively as of April 1, 1946, and April 1,

1947. Both agreements, in material part annexed as exhibits to the complaint, fix the terms and conditions of employment of all employees of appellee within the bargaining unit, including employees in the Cleveland office. The agreement of April 1, 1947, has by mutual agreement been amended from time to time in certain respects not germane to this proceeding. *In both collective bargaining agreements, it is expressly provided that, during the life of the agreement, the Western Union Telegraph Company will not abandon or modify its existing Benefit and Pension Plan, except pursuant to mutual agreement.* The agreement effective April 1, 1947, incorporates certain amendments relating to accident and sickness disability benefits, and to deductions from pensions and from death benefits payable. Both agreements provide that the union shall have the right to represent any of its members before the Pension and Benefit Committee, and express the undertaking of the company to distribute to employees copies of the pension, disability and death-benefits plan. The plan, as amended, is still in full force and effect, and is filed as an exhibit to the complaint. It is a lengthy document, embracing 29 pages of the printed record, and provides in section 5(1) for retirement on pension, as follows: "Class A. Any male employee upon reaching the age of sixty years, or any female employee upon reaching the age of fifty-five years, and whose term of employment has then been twenty years or more, may at his or her own request, or at the discretion of the Committee, be retired from active service and granted a pension."

The complaint charges that despite the fact that Mae Hart was fifty-five years, five months and fourteen days of age, with a service record in the employ of Western Union of twenty-one years and eleven and one-half months, and so qualified for a Class A pension under the provisions of the Benefit and Pension Plan, she was on April 30, 1946, illegally and improperly removed from the rolls of the appellee company as an employee and refused further employment or a Class A pension. It is alleged that Mae Hart is ill, destitute and dependent upon charity and contributions from friends and relatives for the necessities of life, because of the illegal and improper refusal of appellee to pay the pension to which she is entitled; and that she has sustained both mental and physical suffering as the result of the illegal refusal of the appellee to comply with its contractual obligations to her and to the American Federation of Labor.

The complaint asserts that Western Union denies that it has violated its contract or the provisions of the pension plan, that it claims justification in refusing to pay Mae Hart a Class A pension on the grounds that she was not on the active rolls of the company on April 30, 1946, when her Class D or sickness disability pension expired and that, in any event, the Pension Committee has uncontrolled discretion to refuse her or any other employee a pension on any grounds whatsoever. It is declared further that, despite these contentions, the appellee has in fact granted to many employees, including its high officials, pensions in amounts up to $40,000 per year under circumstances where such employees and officials were ill and not actually working when the pensions were granted and put into effect. It is alleged further that the appellee repeatedly has advised its employees and the appellant that it considers the amounts paid in pensions as justifying its refusal to grant wage increases when requested by the American Federation of Labor; and that it has often stated that "the pension plan is one of the things that employees of defendant are entitled to and can look forward to after years of work" in its employ.

The final paragraph of the complaint declares that an actual controversy now exists between appellant and appellee as to the meaning and interpretation of section 5(1) of the pension plan, and of Article 54 of both collective bargaining agreements, to which reference has been heretofore made.

The prayer of the complaint is that the court entertain the action and enter judgment declaring that Mae Hart is entitled to a Class A pension effective May 1, 1946, making her whole for injuries suffered because of the illegal actions of the defend-

ant; that the court permanently enjoin the defendant from "in any manner breaching and violating the provisions of said pension plan insofar as it affects Mae Hart or any other employee represented by the plaintiff"; and that the court grant such other and further relief as it deems just.

We are of opinion that the complaint clearly states a cause of action of which the United States District Court has jurisdiction. The action is one for violation of contract between appellant and appellee within the express provisions of section 301(a) of the Labor Management Relations Act of 1947; and section 400 of the Federal Declaratory Judgment Act vests in the federal court the right to grant the character of relief prayed, if appellant proves the allegations of its complaint. We cannot accept as sound the contention of appellee that this is not an action for breach or violation of the *labor contract* between the parties but is rather an action for breach of an independent pension plan for the employees of the Western Union Telegraph Company. Article 54(a) of the collective bargaining agreements expressly provides that the company will not during the life of the bargaining agreement or contract abandon or modify its existing benefit and pension plan, except pursuant to mutual agreement. The complaint avers that the union has never agreed to change the plan in accordance with the contentions of defendant.

The pension and benefit plan was in effect and operation at the time the collective bargaining agreements were executed, and these agreements expressly refer to the plan. It would be quite unreasonable in the circumstances which have been stated to assume that the appellant did not consider the benefit and pension plan as a part of its collective bargaining agreement. Where a contract makes reference to another agreement between the same parties in such fashion as to clearly import incorporation by reference, the contract and the pre-existing document should be read together and considered as one binding agreement or contract. Cf. Crowell v. Gould, 68 App.D.C. 297, 96 F.2d 569; Layne-Bowler Chicago Co. v. City of Glenwood, 8 Cir.,

34 F.2d 889; Western Union Telegraph Co. v. Louisville & N. R. Co., 5 Cir., 238 F. 26. In the circumstances alleged in the complaint, it was entirely unnecessary that the benefit and pension plan be physically annexed to the collective bargaining agreements to make it an essential part thereof.

The order of dismissal entered by the district court is reversed; the costs of this appeal are taxed against appellee; and the cause is remanded to the district court for trial on the merits.