## DURKIN v. JOHN HANCOCK MUTUAL LIFE INS. CO.

United States District Court
S. D. New York.

Nov. 7, 1950.

See also, D.C., 92 F.Supp. 893.

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The action is not a class action within the meaning of Rule 23. Nor can it be said that the complaint fails to state a claim upon which relief may be granted to the members of the Union. However, no attempt is made to state a claim upon which relief may be granted to plaintiff as an individual. He has, therefore, been improperly joined individually as a party plaintiff, especially if it be true, as defendant asserts, that he is not, and never has been, one of its employees. His individual name will be stricken from the summons and complaint. The allegation that the Union itself, as distinguished from its members, has sustained damage in the sum of $500,000, must also be stricken, for no items of such damages are set forth, as required by Rule 9(g). Plaintiff will, however, be permitted to amend his complaint by alleging such items of special damage.

Neuburger, Shapiro, Rabinowitz & Boudin, New York City (Leonard B. Boudin, New York City, of counsel), for plaintiff.

Oeland & Kuhn, New York City, and Lawrence B. Gilman, Boston, Mass. (Lawrence B. Gilman, Boston, Mass., and George W. Riley, New York City, of counsel), for defendant.

COXE, District Judge.

Motion to dismiss complaint denied. There can be no question as to the jurisdiction of this court, either over the parties or over the subject matter of the action. Section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185; American Fed. of Labor v. Western Union Telegraph Co., 6 Cir., 179 F.2d 535;