**FOOD & SERVICE TRADES COUNCIL, etc., et al. v. RETAIL ASSOCIATES, Inc., et al.**

**Civ. No. 7049.**

United States District Court
N. D. Ohio, W. D.
Oct. 21, 1953.

Isadore Kohler, Lowell Goerlich, Toledo, Ohio, for plaintiffs.

Smith, Klein & Blumberg, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for defendants.

KLOEB, District Judge.

This matter comes before the Court on the motions of defendant to dismiss, to strike, and for an order requiring the complaint to be made definite and certain.

The motion to dismiss is based upon the grounds that the Court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted.

The motion to strike is directed against paragraph numbered 10 of the complaint, which alleges injury to the organization plaintiff by reason of alleged violation of the collective bargaining agreement involved, and against paragraph 1 of the prayer asking damages for such injury.

The motion to make definite and certain asks that plaintiffs be required to set forth the names of the persons in whose behalf the action is brought and who are employees of the defendant.

Identical motions are filed on behalf of each of the six defendants.

*As to the motion to dismiss:*

The principal argument on this motion is that the Court lacks jurisdiction of the subject matter.

The complaint states that the jurisdiction is based on Section 301 of the Labor Management Relations Act of 1947, Title 29 U.S.C.A. § 185. This section provides:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"(b) Any labor organization which represents employees in an industry affecting commerce as defined in this Act and any employer whose activities affect commerce as defined in this Act shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

"(c) For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

The complaint in this case is based upon the alleged violation of a certain collective bargaining agreement between the plaintiffs and the defendants, by reason of the claimed failure of the defendants to pay the full commission on sales to their salesclerks provided for in the agreement, for which recovery is asked in the amount due under the agreement.

Defendants contend that this action is not covered by the foregoing provisions, and cite in support of their contention: Murphy v. Hotel & Restaurant Employees & Bartenders International Union, D.C.Mich.1951, 102 F.Supp. 488; McNutt v. United Gas, Coke & Chemical Workers of America, C.I.O., D.C.Ark. 1952, 108 F.Supp. 871; Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 1948, 167 F.2d 183; Rock Drilling, etc. v. Mason & Hangar Co., Inc., D.C.N.Y.1950, 90 F.Supp. 539; Textile Workers Union of America, CIO v. Arista Mills Co., 4 Cir., 1951, 193 F.2d 529; J. I. Case Co. v. National Labor Relations Board, 1944, 321 U.S. 332, 334, 64 S.Ct. 576, 88 L.Ed. 762; Yazoo & M. V. R. Co. v. Webb, 5 Cir., 1933, 64 F.2d 902; Illinois Cent. R. Co. v. Moore, 5 Cir., 1940, 112 F.2d 959. None of these cases seem to be in point on this question.

The case of American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 1950, 179 F.2d 535, 536, was also cited by defendants and is relied upon by the plaintiffs. It would seem to control the Court here on the question of jurisdiction. This case was an action begun in the District Court in the Eastern Division of this District by the American Federation of Labor against the Western Union Telegraph Company for alleged breach of collective bargaining agreement and for a declaratory judgment. The District Court dismissed the action for want of jurisdiction. The Court of Appeals reversed. It appears from the opinion of the Court of Appeals that Judge Wilkin sustained the motion to dismiss without giving any reason, and that later Chief Judge Jones dismissed the complaint because of the action of Judge Wilkin in sustaining the motion. The jurisdiction of the District Court in that case, as here, was based upon Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185. It involved the construction and application of the provision of a collective bargaining agreement having to do with a pension plan which the complaint alleged the defendant violated. It was held that neither the amount in controversy nor

the citizenship of the parties affects the jurisdiction of a District Court in an action for violation of contract between an employer and a collective bargaining agency representing its employees, the Court stating:

> "This Act makes it plain that the amount in controversy or the citizenship of the parties in no wise affects the jurisdiction of the United States District Court in actions for violation of contracts between an employer and the collective bargaining agency representing its employees; that such actions may be brought in any district where duly authorized officers or agents of such labor organization are engaged in representing or acting for employee members; and that a labor organization may sue in a United States court in behalf of employees whom it represents. The complaint herein is a well drawn pleading and sets forth in detail the factual basis upon which relief is sought in the United States court.
>
> "It is well settled that a motion to dismiss for failure to state a claim should not be granted, unless it appears certain that the plaintiff would not be entitled to relief under any set of facts proved in support of his claim as stated. This principle has been applied in actions brought under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827; Manosky v. Bethlehem Hingham Shipyard, 1 Cir., 177 F.2d 529; Clyde v. Broderick, 10 Cir., 144 F.2d 348."

The Sixth Circuit Court of Appeals also held, in Hamilton Foundry & M. Co. v. International M. & Fdry. Workers Union, 6 Cir., 1951, 193 F.2d 209, at page 214, that in action under the National Labor Relations Act, as amended in 1947, 29 U.S.C.A. § 151 et seq., the District Court, 95 F.Supp. 35, did not lack jurisdiction because the alleged cause of action was not based on diversity of citizenship, citing its previous decision in American Federation of Labor v. Western Union Telegraph Co., 179 F.2d 535, supra, and stating that the cause of action arose out of a law of the United States.

A late case involving this question is United Electrical, Radio & Machine Workers of America v. Oliver Corp., 8 Cir., 1953, 205 F.2d 376. This action was brought to recover damages suffered by the employer resulting from a strike allegedly called by the defendant unions in violation of provisions of their collective bargaining agreement. The Court held that the District Court had jurisdiction under Section 301 of the Labor Management Relations Act, stating in 205 F. 2d at pages 384, 385:

> "Little need be said of the attack on the jurisdiction of the District Court. This action was brought under section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185(a), which authorized suits in the United States District Court for violation of contracts between an employer and a labor organization representing employees in an 'industry affecting commerce.' Defendants say that section 301(a) creates no new substantive right or liability, and therefore this action is not one arising under the Constitution or laws of the United States. On this premise they contend the section is void as an attempt by Congress to extend jurisdiction of Federal courts beyond constitutional limits. Article III, Section 2, of the Constitution. This contention has been denied by every court which has considered it. The cases hold that in its labor legislation Congress, exercising its power under the commerce clause of the Constitution, not only intended to but did create substantive rights and liabilities of parties to collective bargaining agreements in industries affecting commerce. Textile Workers Union v. Arista Mills, 4 Cir., 193 F.2d 529; Shirley-Herman Co. v. International Hod Carriers, 2 Cir.,

182 F.2d 806 [17 A.L.R.2d 609]; Schatte v. International Alliance, 9 Cir., 182 F.2d 158; Bakery, etc. Union v. National Biscuit Co., 3 Cir., 177 F.2d 684; Pepper & Potter, Inc. v. Local 977, United Auto Workers, D.C.S.D.N.Y., 103 F.Supp. 684; Wilson & Co. v. United Packing-House Workers, D.C.S.D.N.Y., 83 F.Supp. 162; Colonial Hardwood Flooring Co. v. International Union United Furniture Workers, D.C.Md., 76 F.Supp. 493, affirmed, 4 Cir., 168 F.2d 33."

The case of United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997, was an action by plaintiff union and an individual plaintiff against defendant for damages for breach of collective bargaining agreement and for declaratory relief. The question was whether the discharge of the individual plaintiff by defendant was in violation of provisions of collective bargaining agreement. The District Court held that it was not and dismissed the complaint. The Court of Appeals reversed, holding that the allegations of the plaintiff were sufficient to state a cause of action and that the District Court had jurisdiction without respect to the amount in controversy or without regard to the citizenship of the parties (Syl. 1).

The case of Shirley-Herman Co., Inc. v. International Hod Carriers, etc. Union, 2 Cir., 1950, 182 F.2d 806, 17 A.L.R. 2d 609, was an action by plaintiff to recover against the defendant union damages for violation of a collective bargaining agreement. The Court of Appeals held that the District Court had jurisdiction under Section 301 of the Labor Management Relations Act (Syl. 2). As to the application of Section 301, the Court stated, 182 F.2d at page 809:

> "* * * This contention is meaningful only on the view that § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, merely conferred jurisdiction upon the federal courts to entertain the action, and that the substantive principles of law to be applied must be those of New York. But § 301 goes further than defendant conceives; it created a remedy where none existed before and provided a forum in which to enforce it. Wilson & Co. v. United Packinghouse Workers of America, D.C.S.D.N.Y., 83 F.Supp. 162, 165; Colonial Hardwood Flooring Co. v. International Union United Furniture Workers of America, D.C.Md., 76 F.Supp. 493, 496, see s. c., International Union United Furniture Workers of America v. Colonial Hardwood Flooring Co., 4 Cir., 168 F.2d 33; Section 301(A) of the Taft-Hartley Act: A Constitutional Problem of Federal Jurisdiction, 57 Yale L. J. 630; Wallace, The Contract Cause of Action under the Taft-Hartley Act, 16 Brooklyn L.Rev. 1, 15–20; 35 Corn.L.Q. 651. * * *"

In Schatte v. International Alliance, etc., 9 Cir., 1950, 182 F.2d 158 at pages 164, 165, certiorari denied 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608, rehearing denied 340 U.S. 885, 71 S.Ct. 194, 95 L. Ed. 643, the Court said:

> "In A. F. of L. v. Western Union Telegraph Co., 6 Cir., 1950, 179 F. 2d 535, a union filed a complaint against an employer alleging a breach of a collective bargaining contract on April 30, 1946. The Court of Appeals held that a valid cause of action was stated under § 301 without mention in its opinion of the fact that § 301 was not enacted until June 23, 1947. Thus the question of whether § 301 is applicable where a breach arose before its enactment was not expressly decided by the court, notwithstanding the practical effect of its decision was to apply § 301 to such a case. * * *"

On page 164 of 182 F.2d the Court further said:

> "* * * the wording of the section (Section 301) and its place in the Taft-Hartley Act demonstrates that the section was designed to pro-

tect interstate and foreign commerce by creating a new substantive liability, actionable in the federal courts, for the breach of a collective bargaining contract in an industry affecting interstate or foreign commerce. * * *"

The Court held that Section 301 was not applicable to the facts alleged because the acts complained of occurred before the enactment of the law (Syl. 2, 3), and affirmed the action of the District Court, 84 F.Supp. 669, in dismissing the case for want of jurisdiction.

The following cases in various District Courts have held that, under the provisions of Section 301 of the Labor Management Relations Act, the District Court has jurisdiction of an action for violation of a collective bargaining agreement: Wilson & Co., Inc. v. United Packing-House Workers of America, D.C.S.D.N.Y.1949, 83 F.Supp. 162; Studio Carpenters Local Union No. 946 v. Loew's Incorporated, D.C.S.D.Cal.C.D.1949, 84 F.Supp. 675; United Steel Workers of America v. Shakespeare Co., D.C.W.D.Mich.S.D.1949, 84 F.Supp. 267; Reed v. Fawick Airflex Co., Inc., D.C.N.D.O.E.D. 1949, 86 F.Supp. 822; Textile Workers Union of America, CIO v. Aleo Mfg. Co., D.C.M.D.N.C.1950, 94 F.Supp. 626; Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., D.C.W.D.Pa.1952, 107 F.Supp. 692, 694; Ludlow Mfg. & Sales Co. v. Textile Workers Union of America (CIO), D.C.D.Del.1952, 108 F.Supp. 45; Textile Workers Union of America v. American Thread Co., D.C.D.Mass.1953, 113 F.Supp. 137.

Perhaps the closest case on the facts here is the case of Local 937 of International Union, etc. v. Royal Typewriter Co., Inc., D.C.D.Conn. 1949, 88 F.Supp. 669, in which the plaintiff union brought an action for damages for breach of a collective bargaining contract and for injunctive relief. The Court held there as to jurisdiction (Syl. 1):

"Federal district court had jurisdiction of action brought by labor union on behalf of itself and members against employer, claiming damages for breach of wage contract without regard to diversity of citizenship under the Labor Management Relations Act of 1947. Labor Management Relations Act, 1947, § 301(a), 29 U.S.C.A. § 185(a)."

The controversy concerned the earnings of pieceworkers as fixed by the contract. The question in dispute was as to the meaning of the words "Assembly Department Guarantee minimum piecework earnings, $1.10 per hour." The Court held with the plaintiffs that the contract had been violated, and assigned the case for hearing on evidence as to the damages to be awarded five employees who had been discharged.

The motion to dismiss is overruled.

*As to the motion to strike:*

The motion to strike is directed against paragraph 10 of the complaint and paragraph 1 of the prayer.

Paragraph 10 of the complaint reads as follows:

"The violation of this agreement by the defendants has been wilfull and intentional with full knowledge of the defendants of its illegal conduct for the purpose of injuring plaintiffs, impairing their organizational strength with the employees of the defendant, and causing defection of their members."

Paragraph 1 of the prayer reads as follows:

"that they may recover judgment in the sum of Fifty Thousand Dollars ($50,000),".

Rule 9(g), Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"When items of special damage are claimed, they shall be specifically stated."

In Durkin v. John Hancock Mutual Life Ins. Co., D.C.S.D.N.Y.1950, 11 F.R.D. 147, at page 148, which was an action by the plaintiff Durkin, individually and as president and representative of the

members of the union, against the defendant for a declaration of rights under a contract between the union and the defendant, the Court held that it had jurisdiction under Section 301 of the Labor Management Relations Act; that the individual plaintiff was improperly joined; but that the motion to strike should be sustained under the provisions of Rule 9(g), Federal Rules of Civil Procedure, stating on that subject:

> "* * * The allegation that the Union itself, as distinguished from its members, has sustained damage in the sum of $500,000, must also be stricken, for no items of such damages are set forth, as required by Rule 9(g). * * *"

The motion to strike is sustained.

*As to the motion to make definite and certain:*

This motion seeks to require the defendant to set forth the names of the persons in whose behalf the action is claimed to be brought and those who are employees of the defendant. This does not seem to be required in such a case as this. Collective agreements such as the one here in question are made for the benefit of all employees covered thereby and are binding upon all employers or parties thereto.

In the case of J. I. Case Co. v. National Labor Relations Board, 1944, 321 U.S. 332, 336, 64 S.Ct. 576, 579, 88 L.Ed. 762, the Court stated:

> "* * * an employee becomes entitled by virtue of the Labor Relations Act somewhat as a third party beneficiary to all benefits of the collective trade agreement, even if on his own he would yield to less favorable terms. The individual hiring contract is subsidiary to the terms of the trade agreement and may not waive any of its benefits, * * *."

If the Court in this case finds the contract has been violated, it would then come to the question of damages to which the individual employees are entitled. Perhaps as incidental thereto the Court would be empowered to issue a mandatory injunction requiring the performance of the contract in the respect found to be violated. See Textile Workers Union of America, CIO v. Aleo Mfg. Co., D.C.M.D.N.C.1950, 94 F.Supp. 626.

The motion to make definite and certain is overruled.

An order is drawn accordingly.