**SILVERTON et al. v. RICH et al.**
Civ. No. 1428.

United States District Court
S. D. California, S. D.
Feb. 24, 1954.

John C. Stevenson & Lionel Richman, Lionel Richman, Los Angeles, Cal., for plaintiffs.

J. W. Fleming, Brawley, Cal., for defendants.

McLAUGHLIN, District Judge (sitting by assignment).

This is an opinion restating the oral rulings made by this Court on December 17, 1953, and disposing of the jurisdictional questions reserved at that time.

The plaintiffs—Beaumont Silverton for Local Union No. 898 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereafter called Union) and Vincente Sanchez and Aldon D. Denton individually—seek damages and injunction under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a) and damages under the Fair Labor Standards Act, 29 U.S.C.A. §§ 201–219. The amended complaint alleges the existence of a collective bargaining contract between the Union and Dr. Pepper Bottling Company (hereafter called Company) doing business at Brawley, California. In the first cause of action the Union seeks damages for loss of initiation fees and monthly dues resulting from breach of the union shop provision of the collective bargaining contract. The Union also prays for an order enjoining the Company from violating the terms of this contract. Sanchez and Denton, employees of the Company, individually allege damages ensuing from the breach of the minimum wage provisions of the contract in the second and fourth causes of action. In the third and fifth causes of action, Sanchez and Denton respectively seek to recover their unpaid overtime compensation and, in addition, an equal amount as liquidated damages under 29 U.S.C.A. § 216(b).

The case came up for trial on December 17, 1953. At that time the Court, on its own motion, raised two jurisdictional questions. First, does 29 U.S.C.A. § 185(a) confer jurisdiction on this Court to grant the injunctive relief prayed for by the Union? Second, can *individual employees* bring a Section 185(a) damage suit for violation of a collective bargaining contract in a federal district court? These questions were reserved by the Court to give the parties an opportunity to file memoranda of points and authorities. However, based on the facts admitted on the record, this Court made the following oral rulings:

1. The Union was granted damages for loss of initiation fees and monthly dues subject to an accounting to determine the exact sum involved. Injunctive relief prayed for would be granted provided jurisdiction exists.

2. Sanchez was granted damages under Section 185(a) assuming the Court has jurisdiction.

3. Under the Fair Labor Standards Act, Sanchez was found entitled to a judgment for unpaid overtime compensation plus an additional equal amount as liquidated damages.

4. Denton was found entitled to damages for non-payment of wages in accordance with the collective bargaining contract if it is determined that an individual employee can sue under Section 185(a).

5. On the authority of Clougherty v. James Vernor Co., 6 Cir., 1951, 187 F.2d 288, certiorari denied 1951, 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616, Denton was de-

nied recovery under the Fair Labor Standards Act. The facts indicated that he was not "engaged in commerce or in the production of goods for commerce."

A stipulation filed on January 13, 1954, has rendered the first jurisdictional question reserved moot. Since the collective bargaining contract between the Union and Company terminated on June 30, 1953, the injunctive relief prayed for is no longer pertinent.

Regarding the second jurisdictional question reserved, for the reasons stated below, this Court rules that Sanchez and Denton, as individual employees, cannot bring a 29 U.S.C.A. § 185 damage action against their employer. Since diversity jurisdiction is lacking, they as individuals cannot press their claims arising from a breach of a collective bargaining contract in this Court.

### Opinion

■ Laymen may label the judiciary's concern over jurisdiction a judicial fetish. However, students of law are mindful of the fact that federal courts are courts of limited jurisdiction. Preservation of our federal system requires the federal courts to give due regard to the rightful independence of state governments by scrupulously confining their own jurisdiction to precise limits defined by statute. See Healy v. Ratta, 1934, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 77, 62 S.Ct. 15, 86 L.Ed. 47.

■ From these basic judicial principles logically flow to a federal district court the power and obligation to raise jurisdictional questions on its own motion. The Supreme Court has stated, "The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.'" McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 184, 56 S.Ct. 780, 783, 80 L.Ed. 1135. In the same vein, it has also announced, "An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." Mitchell v. Maurer, 1934, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338.

The scope of 29 U.S.C.A. § 185(a) not being crystal clear, this Court raised the jurisdictional question here concerned on its own motion. The precise question reserved for decision is whether or not jurisdiction of "suits for violation" of collective bargaining contracts are limited to the employer and labor organizations, only, as parties, or may be brought in a federal district court by individual employees covered by such contracts.

The pertinent provision of Title 29 U.S.C.A. involved is Section 185(a), which provides as follows:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Unfortunately there is a paucity of reported cases wherein this question arose. In Schatte v. International Alliance of Theatrical Stage Employees, etc., D.C.S.D.Cal.1949, 84 F.Supp. 669, affirmed on other grounds 9 Cir., 1950, 182 F.2d 158, certiorari denied 1950, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608, rehearing denied 1950, 340 U.S. 885, 71 S.Ct. 194, 95 L.Ed. 643, members of a labor union as individuals sued for damages under Section 185. The union itself was not a party to the action. After a study of the language of the statute and the legislative history, Judge Hall concluded that Section 185 did "not give the plaintiffs as individual members of a union the right to sue in asserted violation of the contracts involved, whether their union was or was not a direct party to such contracts." 84 F.Supp. at

page 673. In the course of his opinion, Judge Hall stated, 84 F.Supp. at page 672:

"The legislative history indicates to me beyond dispute that the intention of Congress by Section 301 [29 U.S.C.A. Sec. 185] was to provide a *forum*, other than the street, for settlement of asserted violations of labor contracts by law suits, the parties to which could only be the parties to the contract involved, i. e., either the employer or the labor organization. And that it was intended that the labor organization alone could speak as a party to the suit on behalf of the employees it represented as a party to the contract."

In Reed v. Fawick Airflex Co., D.C. N.D.Ohio 1949, 86 F.Supp. 822, the labor union and two individual members of the union brought a Section 185(a) suit for damages. The defendant argued that Section 185(a) did not confer upon individual members of labor unions the right to sue. The plaintiffs agreed to drop the two .individuals as parties plaintiff.

■ The plaintiffs cite United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997, as authority, permitting an individual employee *to sue under Section 185(a).* This is not so. In this case, both the labor union and the individual Orloski were parties plaintiff. The Court of Appeals unequivocally stated in 194 F.2d at page 1000:

"We also agree that if the case only involved an action under § 301(a) [Section 185(a)], Orloski, under the express terms of this statute could not be considered a proper party plaintiff. This seems clear from the language of the statute."

However, the court ruled that a claim of an individual employee may be joined in the same action with the union's Section 185(a) action where diversity and jurisdictional amount are alleged. In the case before this Court, there is no diversity between Sanchez and Denton on one side and the Company on the other.

The most recent decision involving this question is Ketcher v. Sheet Metal Workers' International Ass'n, D.C.E.D. Ark.1953, 115 F.Supp. 802. In this case, the plaintiffs were individual and corporate contractors, who were members of the Sheet Metal Contractors Association of Arkansas, Inc. The latter executed a collective bargaining agreement with the defendant union. On a motion to dismiss, the court held that there was no distinction between an employee who is a member of a labor union and an employer who is a member of an employer's association as far as the right to sue under Section 185(a) is concerned. Relying on Schatte v. International Alliance of Theatrical Stage Employees, etc., supra, and United Protective Workers of America v. Ford Motor Co., supra, the court granted the motion to dismiss.

Food & Service Trades Council v. Retail Associates, Inc., D.C.N.D.Ohio 1953, 115 F.Supp. 221, cited by the plaintiffs, is not in point. Although the facts are not clearly stated, this seems to be a case wherein the labor union brought a Section 185(a) action on behalf of its members. This deduction is fair since the court states that the closest case on the facts is Local 937 of International Union, etc. v. Royal Typewriter Co., D.C. Conn.1949, 88 F.Supp. 669. In the latter case, the union brought suit on behalf of employees who were not identified by name as parties plaintiff. See Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., D.C.W.D.Pa.1952, 107 F.Supp. 692, fn. 2.

The only case favoring the plaintiffs is Isbrandtsen Co. v. Local 1291 of International Longshoremen's Ass'n, 3 Cir., 1953, 204 F.2d 495, wherein there is dictum that Section 185(a) does not impose any limitations upon the persons who may sue. However, this position is weakened by the court's reliance on Marranzano v. Riggs National Bank, 1950,

87 U.S.App.D.C. 195, 184 F.2d 349. In the Marranzano case, the plaintiff did not invoke Section 185(a) jurisdiction, but simply the general jurisdiction of the District Court for the District of Columbia. Ketcher v. Sheet Metal Workers' International Ass'n, supra, 115 F.Supp. at pages 809–810.

Therefore, relying mainly on Judge Hall's rationale in Schatte v. International Alliance of Theatrical Stage Employees, etc., supra, this Court concludes that under 29 U.S.C.A. § 185(a) it has no jurisdiction to hear the claims of Sanchez and Denton, individual employees.

■■ This ruling is not a sacrifice of justice to technicality. It is abundantly clear that, under 29 U.S.C.A. § 185, a labor organization may sue on behalf of employees whom it represents. American Federation of Labor v. Western Union Telegraph Co., 6 Cir., 1950, 179 F.2d 535; Local 937 of International Union, etc. v. Royal Typewriter Co., supra; Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., supra; Food & Service Trades Council v. Retail Associates, Inc., supra. Furthermore, the state forum is available to Sanchez and Denton, for, in California, an employee "may sue directly on the collective bargaining contract as a third party beneficiary to enforce the provisions in the contract which have been made for his benefit." MacKay v. Loew's, Inc., 9 Cir., 1950, 182 F.2d 170, 172, certiorari denied 1950, 340 U.S. 828, 71 S.Ct. 65, 95 L.Ed. 608, rehearing denied 1950, 340 U.S. 885, 71 S Ct. 194, 95 L.Ed. 643.

Based on the stipulation filed on January 13, 1954, let judgment enter forthwith under Rule 58, Federal Rules of Civil Procedure, 28 U.S.C.A., as follows:

1. $654 as damages to the Union for loss of initiation fees and monthy dues;

2. $1,543.30 for unpaid overtime compensation, plus an equal amount as liquidated damages, to Vincente Sanchez. 29 U.S.C.A. § 216(b).

Costs to the prevailing parties.