Beaumont SILVERTON, etc., Plaintiff,

v.

VALLEY TRANSIT CEMENT CO., Inc., et al., Defendants.

No. 1485.

United States District Court
S. D. California, S. D.

Dec. 7, 1955.

John A. Stevenson, Lionel Richman, Los Angeles, Cal., for plaintiff.

Horton & Knox, James H. Carter, El Centro, Cal., for defendants.

MATHES, District Judge.

This cause having come before the Court for hearing on defendants' motion filed October 31, 1955, to dismiss the action, and plaintiff's motion filed November 16, 1955, to amend his complaint to join the claimant employees as co-plaintiffs; and the motions having been submitted for decision; and it appearing to the Court:

(1) That this action was commenced on March 27, 1953, by the plaintiff, "Beaumont Silverton, individually and as a member, representative and Secretary of Teamsters Local Union No. 898, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and the American Federation of Labor, an unincorporated Association";

(2) That § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C.A. § 185 does not confer upon this Court jurisdiction of the claims for unpaid wages asserted by the Union as assignee in the first thirteen causes of action, Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 1955, 348 U.S. 437, 461, 75 S.Ct. 489, 99 L.Ed. 510; and the Court has no jurisdiction of such claims in the absence of diversity of citizenship, see: 28 U.S.C. § 1332; United Protective

Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997, 1001; 7 Cir., 1955, 223 F.2d 49; Silverton v. Rich, D.C.S.D.Cal. 1954, 119 F.Supp. 434; cf. Hamilton Foundry & Mach. Co. v. International, etc., Workers, 6 Cir., 1951, 193 F.2d 209, 215, certiorari denied 1952, 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1363;

(3) That the Fair Labor Standards Act, under which the jurisdiction of this Court is invoked in the fourteenth through the twenty-sixth causes of action, does not authorize the action to be brought by an assignee or "an agent or representative," but only by "one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C.A. § 216(b); cf. La Guardia v. Austin-Bliss, etc., Co., D.C.S.D.N.Y. 1941, 41 F.Supp. 678; and the Act also provides that: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." [ibid.]; and

(4) That the Portal-to-Portal Act provides that every action for unpaid overtime compensation or liquidated damages "shall be forever barred unless commenced within two years after the cause of action accrued." 29 U.S.C.A. § 255(a); cf. Matheny v. Porter, 10 Cir., 1946, 158 F.2d 478, and that the action "shall be considered to be commenced in the case of any individual claimant—(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date * * * or (b) * * * on the subsequent date on which such written consent is filed * * *." 29 U.S.C.A. § 256;

It Is Now Ordered that plaintiff's motion to amend is hereby denied, and that defendants' motion to dismiss the action is hereby granted for lack of jurisdiction over the subject matter of the first thirteen causes of action, and for failure to join an indispensable party to the fourteenth through the twenty-sixth causes of action. Fed.Rules Civ. Proc. Rule 12(b) (1, 7), 28 U.S.C.

It Is Further Ordered that this dismissal shall not constitute an adjudication upon the merits, and the judgment of dismissal shall so provide, Fed.Rules. Civ.Proc. Rule 41(b).

It Is Further Ordered that defendants shall lodge with the Clerk, within five days, a judgment of dismissal, to be settled under local rule 7.

It Is Further Ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.