## ISBRANDTSEN CO., Inc. v. LOCAL 1291 OF INTERNATIONAL LONGSHOREMEN'S ASS'N et al.

No. 13211.

United States District Court
E. D. Pennsylvania.

Aug. 19, 1952.

Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Louis H. Wilderman, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This is an action brought under Section 301(a) of the Labor Management Relations Act of 1947 [1] (popularly known as the Taft-Hartley Act) to recover damages for breach of a collective bargaining agreement.

1. 61 Stat. 156, 29 U.S.C.A. § 185(a).

Section 301(a) provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

Defendant has moved to dismiss on the grounds that the Court has no jurisdiction of the action and that the Complaint fails to state a claim upon which relief can be granted because plaintiff is not a party to the agreement upon which relief is sought.

The Complaint contains the following allegations: Plaintiff, the Isbrandtsen Company (hereinafter referred to as "Isbrandtsen"), is a New York corporation engaged in the business of a common carrier by water in foreign trade. Defendant, Local 1291 of the International Longshoremen's Association, is a labor union representing employees in the shipping industry, which is an "industry affecting commerce."

On October 3, 1950, the Philadelphia Marine Trade Association, on behalf of its members, among them the Lavino Shipping Company [2] (hereinafter referred to as "Lavino"), entered into a collective bargaining agreement with the International Longshoremen's Association which was acting on behalf of its local unions, among them the defendant, Local 1291. This agreement, incorporated in the Complaint, recited that it was "meant to cover the loading and unloading of ocean-going ships in the Port of Philadelphia and vicinity" and included an agreement that there would be "no strikes, work-stoppages, slow-downs or lock-outs during the pendency of any

matter before" a joint arbitration board provided elsewhere in the agreement for the settling of disputes.

Plaintiff, Isbrandtsen, owner of the steamship "NYCO" on February 1, 1951, chartered that vessel to the Scott Paper Company [3] (hereinafter referred to as "Scott") · for the purpose of transporting wood pulp from Nova Scotia to Philadelphia, Pennsylvania. Under the terms of the charter agreement, the Scott Paper Company was to load and discharge the vessel. On September 1, 1951, Scott signed an agreement with Lavino in which Lavino undertook to discharge the cargo of wood pulp from the vessel upon its arrival in Philadelphia.

On November 23, 1951, Lavino, pursuant to the collective bargaining agreement, employed members of defendant, Local 1291, as stevedores to discharge the cargo in compliance with Lavino's contract with Scott. On November 26, 1951, a date on which all the agreements mentioned above were still in effect, the stevedores of Local 1291, who were discharging the cargo from plaintiff's vessel, violated the collective bargaining agreement by refusing further to discharge cargo pending arbitration of a grievance that had risen. Plaintiff, Isbrandtsen, alleged that the collective bargaining agreement was made for plaintiff's benefit and that by reason of defendant's violation of this agreement plaintiff has been required to pay additional port charges and other expenses, has suffered loss of charter hire that it would have otherwise received had the vessel "NYCO" not been idle, and has suffered other loss and damage, in the total amount of $25,000.

In short, Isbrandtsen is claiming from Local 1291 damages allegedly resulting from Local 1291's failure to perform its

2. Lavino Shipping Company, a Delaware corporation, at all pertinent times was engaged in business as "steamship agents, charterers, furnishing services to load and discharge cargo in bulk, merchandise and baggage and to assist in the shoreside activity of mooring and un-

mooring ocean-going vessels in domestic and foreign trade." (Complaint, Par. 4).

3. Scott Paper Company, a Pennsylvania corporation, at all pertinent times was engaged in the manufacture and sale of paper and paper products in interstate and foreign commerce.

promise[4] to Lavino not to strike,[5] which promise Isbrandtsen alleges was made for the benefit of Isbrandtsen as third-party beneficiary.

Defendant, Local 1291, has attacked the Complaint on two grounds: (1) That Section 301(a) does not confer jurisdiction upon this Court over a suit by a third-party beneficiary of a collective bargaining agreement and (2) that Isbrandtsen has no standing to sue under Section 301(a), since it is not a third-party beneficiary, but is merely an incidental beneficiary of, and a stranger to, the allegedly breached agreement.

■ Assuming the allegations of the Complaint to be true, as I must do in considering a motion to dismiss, I conclude that Isbrandtsen is clearly a stranger to the collective bargaining agreement and that, therefore, it has no standing to bring suit thereon. Having concluded that plaintiff is not a third-party beneficiary, I need not take up the thorny question of whether the courts under Section 301(a) have jurisdiction over a suit brought by a third-party beneficiary on a collective bargaining agreement.[6] In the present case, I am assuming, without deciding, that this court has jurisdiction over such a suit. I am deciding only that it is clear from the language of the agreement itself that plaintiff, contrary to its allegations, is not a third-party beneficiary, but is a mere stranger to, and an incidental beneficiary of, the agreement.

Isbrandtsen's contention is that, in Section 8(a) of the agreement, one of Local 1291's purposes of promising Lavino not to strike pending arbitration of a dispute was to confer upon Isbrandtsen a right against Local 1291.

The pertinent terms of Section 8(a) are:

"All disputes and grievances arising under the terms and conditions of this agreement which cannot be adjusted at the job site by representatives of the employer involved and the Union shall be referred to a Joint Arbitration Board * * *. There shall be no strikes, work stoppages, slow-downs or lockouts during the pendency of any matter before the Joint Arbitration Board."

Isbrandtsen is in effect claiming to be a donee beneficiary of the promise Local 1291 ("Union" in Section 8(a) made to Lavino ("Employer" in Section 8(a)) not to strike pending arbitration.

■ Section 133 of the Restatement of Contracts defines a donee beneficiary as follows:

"(1) Where performance of a promise in contract will benefit a person other than the promisee that person is * * * :

"(a) A donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary."

■ Applying this definition to the present contract,[7] I find in Section 8(a) no reference, direct or indirect, to Isbrandtsen,

4. Under Section 8(a) of the collective bargaining agreement made by and between the Philadelphia Marine Trade Association on behalf of Lavino and the International Longshoremen's Association on behalf of Local 1291.

5. Pending arbitration of a dispute between Local 1291 and Lavino.

6. Compare MacKay v. Loew's, Inc., 9 Cir., 1950, 182 F.2d 170, 18 A.L.R.2d 348 with Schatte v. International Alliance, etc., D.C., S.D.Cal.1949, 84 F.Supp. 669, affirmed on other grounds, 9 Cir., 182 F.

2d 158, certiorari denied 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608.

7. The courts of Pennsylvania have adopted the Restatement's definition of donee beneficiary quoted in the text. See e.g., Logan v. Glass, 1939, 136 Pa.Super. 221, 7 A.2d 116. The contract was executed and was to be performed in Pennsylvania and I construe it in accordance with Pennsylvania law. Paterson Parchment Paper Co. v. International Brotherhood, etc., 3 Cir., 1951, 191 F.2d 252. But see Note, 57 Yale L.J. 630, 636 (1948).

and nothing else in the "terms of the promise in view of the accompanying circumstances" to indicate "that the purpose of the promisee [Lavino] in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary [allegedly Isbrandtsen] or to confer upon him a right against the promisor [Local 1291] to some performance [not striking pending arbitration] neither due nor supposed or asserted to be due from the promisee to the beneficiary."

Certainly, if the members of Local 1291 had continued to work and to unload the cargo from plaintiff's ship during the pendency of arbitration of the dispute between Local 1291 and Lavino, plaintiff would have been an incidental beneficiary of Local 1291's no-strike agreement with Lavino. But an incidental beneficiary has no higher rights than any other type of stranger to a contract.

Plaintiff, Isbrandtsen, being a stranger to the contract, had no legally enforceable right to any benefits flowing from Local 1291's performance of its promise to Lavino and, consequently, plaintiff has no standing to bring the present action to recover losses it has allegedly suffered as a result of Local 1291's violation of its no-strike agreement.

And now, August 19, 1952, in accordance with the foregoing opinion, it is Ordered that defendant's Motion to Dismiss be and the same is hereby granted.