**RED BALL MOTOR FREIGHT, INC.,**
Petitioner,

v.

**GENERAL DRIVERS LOCAL 961, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Respondents.**

Civ. A. No. 7290.

United States District Court
D. Colorado.

March 15, 1962.

Edward T. Lyons, Jr., and Leslie R. Kehl, of Jones, Meiklejohn & Kilroy, Denver, Colo.; Charles D. Mathews, and Allen P. Schoolfield, Jr., Dallas, Tex., for petitioner.

Myrick, Smith & Criswell, Englewood, Colo., and Goldberg, Previant & Uelmen, Milwaukee, Wis., for respondents.

DOYLE, District Judge.

This action arises under Section 301 of the Labor Management Relations Act, 1947, Title 29 U.S.C.A. § 185. The named respondents are General Drivers Local 961, International Brotherhood of Teamsters, Central Conference of Teamsters, Central States Drivers Council, and Harry Bath, an individual. The action is entitled "Petition for Enforcement of Arbitration and Request for Injunction and Damages."

A motion to dismiss has been filed on behalf of respondent Harry Bath, an individual. In this motion these jurisdictional issues are raised:

1. Whether an individual union member may be made a party defendant or respondent in an action arising under Section 301 of the Labor Management Relations Act, and

2. Whether an action which seeks to set aside an arbitration award and to compel the parties defendant or respondent to proceed to join in a request for a rehearing before an arbitration committee based on alleged faulty procedure is an action cognizable under Section 301.

## POINT 1.

The statutory provision creates federal jurisdiction in suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. Jurisdiction also exists under the act in suits between labor organizations. Subsection (b) declares that any such labor organization may sue or be sued as an entity and in behalf of the employees it represents in the courts of the United States. Nevertheless, petitioner contends that the statute is susceptible to the construction for which they contend.

The exact wording of the statute is: "Suits for violation of contracts between an employer and a labor organization * * * or between any such labor organizations, may be brought in any district court of the United States * *."

The argument is that the phrase "between an employer and a labor organization" should be held to modify the term "contracts." So construed, the holding would be that *any* suit involving a contract between an employer and a labor organization would be cognizable under the act. If, however, the clause is held to modify the term "suits," there is a jurisdictional limitation to actions in which the parties are an employer and labor organization, or between labor organizations. The ambiguity which is said to exist renders material the background of the enactment of the amendment.

A pertinent Senate Committee Report indicates that Section 301, as amended, was not intended to embrace actions by or against individuals. The language of this report which is of interest here, appears in the majority and dissenting opinions in Textile Workers Union v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972 (Senate Report 105, Eightieth Congress, first session, page 16). The amendment was intended to provide a remedy for enforcement of agreements between employers and unions, and the philosophy of the enactment as expressed in the report is stated in part as follows:

"Consequently, to encourage the making of agreements and to promote industrial peace through faithful performance by the parties, collective agreements [affecting] interstate commerce should be enforceable in the Federal courts. Our amendment would provide for suits by unions as legal entities and against unions as legal entities in

the Federal courts in disputes affecting commerce."

This report further points out that:

"The amendment specifically provides that only the assets of the union can be attached to satisfy a money judgment against it. The property of the individual members of the organization would [not be subject to] any liability under such a judgment. Thus the members of the union would secure all the advantages of limited liability without incorporation of the union."

This legislative background shows plainly that Congress intended to create a remedy applicable to unions. It dispels any possible doubt as to whether it can be read so as to authorize a remedy by or against an individual.

The author of the Annotation, 17 A. L.R.2d 614, 615, declares that the principal reason underlying the enactment of Section 301 was to create a practical method of suing unions for violations of collective bargaining agreements. He further points out that prior to this enactment actions could be brought in state courts, but since many of the states required individual service on the members of the union, that is, refused to recognize the labor union as an entity, unions were for practical purposes immune from suit. The practical effect of the enactment of Section 301 was recognition of the union as an entity.

In view, therefore, of the legislative history of this statute, the petitioners can justify the action against Bath only on the basis that the wording of the statute authorizes the naming of an individual even though it may not have been intended to do so, but it certainly can not justify the inclusion of Bath on the basis that the statute is somewhat ambiguous because the legislative history resolves the ambiguity against the petitioner.

Although there appears to be some law to the contrary, it would appear that the majority of cases have refused to approve an action by an individual or against an individual under Section 301. See, for example, United Protective Workers of America v. Ford Motor Co., 194 F.2d 997, 1000 (7 Cir., 1952) as follows:

"We also agree that if the case only involved an action under § 301(a), Orloski, under the express terms of this statute could not be considered a proper party plaintiff. This seems clear from the language of the statute."

To the same effect are Square D Co. v. United Electrical, Radio & Machine Workers of America et al., 123 F.Supp. 776 (E.D.Mich.1954). See also Wilson & Co. Inc. v. United Packinghouse Workers, 181 F.Supp. 809 (N.D.Iowa 1960), and Sinclair Refining Co. v. Atkinson, 187 F.Supp. 225 (W.D.Ind.1960), affirmed in part and reversed in part, 290 F.2d 312 (7 Cir., 1961).

In Square D Co. v. United Electrical, Radio & Machine Workers of America, et al., supra, the Court's analysis is particularly persuasive, and for that reason it is quoted liberally here:

"Plaintiff concedes that individuals may not maintain the action but denies that the converse is true and challenges the existence of any precedent for the proposition that an individual member of a union may not be sued in an action filed under Sec. 301. But in the Schatte v. International Alliance case, supra [D. C.Cal.1949, 84 F.Supp. 669], the court, after reviewing the legislative history of the act, concluded that by Sec. 301 Congress intended to provide a forum, other than the street, for settlement of asserted violations of labor contracts by law suits, the *parties* to which could only be the parties to the contract involved, i. e., either the employer or the labor organization. In Wilson & Co. v. United Packinghouse Workers, D.C. N.Y.1949, 83 F.Supp. 162, the court determined that Sec. 301 must be interpreted as creating new substantive rights *in each of the parties to a labor contract to the observance and*

*performance* of such contracts *by the other.* Section 301 was held to restrict actions to suits between an employer and a labor organization or suits between labor organizations. Zaleski v. Local 401 of the United Electrical, Etc. Workers of America, D.C.N.J.1950, 91 F.Supp. 552. In another case, plaintiff, *a stranger to the contract* involved in suit, was held to have no standing to maintain an action under the Taft-Hartley Act. Isbrandtsen Co. v. Local 1291, Etc., D.C.Pa.1952, 107 F. Supp. 72, affirmed 3 Cir., 204 F.2d 495. Sec. 301 has reached only parties occupying the status of employers and labor organizations, as defined by the Act, according to the decision in International Longshoremen's & Warehousemen's Union, Local 142 v. Libby, McNeill & Libby, D.C., 114 F.Supp. 249."

None of the authorities cited on behalf of petitioner recognize that an individual union officer can be named as a party defendant in an action under Section 301. The case of Snoots v. Vejlupek, 87 F. Supp. 503, (N.D.Ohio, E.D.1949) is actually a restricting decision. There the motion to remand was granted because it did not appear that both of the parties were labor organizations, and the Court there concluded:

" * * * Protection of individual employees' rights in their relations with labor organizations is amply provided for in other sections of the Act such as 29 U.S.C.A. § 158 (b)."

Nor does Local Union No. 28, International Brotherhood of Electrical Workers v. International Brotherhood of Electrical Workers, 197 F.Supp. 99 (D.Md. 1961) hold in accordance with petitioner's contention.

The more recent trend of decisions is very clear in restricting the jurisdiction to that expressly provided for in the act. It may well be that an action could be maintained in the Federal court for inducing a breach of contract or predicated upon some other legal theory, but such an action could not have a jurisdictional basis in Section 301. Therefore, the conclusion is clear that the Court lacks jurisdiction to entertain the present action as against the defendant Bath and it is, therefore, Ordered that the motion to dismiss on this ground be, and the same is hereby granted.

### POINT 2.

It is unnecessary to determine the other issue, which is that the court lacks jurisdiction over the subject matter here, in view of the fact that the action is in truth one to set aside an arbitration award and not an action for violation of a contract. Conceivably, this question will come before the Court at some later stage and as applied to the other defendants; but any judicial comments at this time would be purely gratuitous and not essential to the Court's decision.

It is, therefore,

ORDERED that the respondent Bath's motion to dismiss is hereby granted.