**Dale N. HETRICK, Sr., et al.**

v.

**ALUMINUM WORKERS INTERNATIONAL UNION, AFL–CIO, et al.**

**Civ. A. No. 79–1062.**

United States District Court,
E. D. Pennsylvania.

Sept. 28, 1979.

James R. Redeker, Philadelphia, Pa., for plaintiffs.

Vincent J. Pentima, Joseph C. Spaulding, Philadelphia, Pa., for defendants.

## MEMORANDUM

HUYETT, District Judge.

Defendant Lawrence Holley has filed a motion to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted. Defendant Holley argues that the statute upon which jurisdiction in this matter is based, 29 U.S.C. § 185,[1] requires dismissal because he is being sued in his capacity as the President of defendant Aluminum Workers International Union, and that statute explicitly precludes money judgments against individual members of labor unions sued thereunder. Plaintiffs argue that 29 U.S.C. § 185 should be read more narrowly so as to proscribe only the enforcement of union judgments against individual union members, leaving open the possibility of obtaining judgments against union officials based on their official conduct.

I do not think that 29 U.S.C. § 185 can be construed so narrowly. 29 U.S.C. § 185(b), entitled "Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments," reads in pertinent part:

> Any labor organization . . . shall be bound by the acts of its agents. . . Any money judgments against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

*Id.* In interpreting this statute in the context of an employer's suit against a union and individual union members for damages arising out of violations of a collective bargaining agreement, the Supreme Court stated, "[w]hen Congress passed [29 U.S.C. § 185], it declared its view that only the union was to be made to respond for union wrongs, and that the union members were not subject to levy." *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247–48, 82 S.Ct. 1318, 1324, 8 L.Ed.2d 462 (1962). Plaintiffs urge me to view this language as applying "only to an employer's action for damages for breach of a collective bargaining agreement." Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, at 3. The *Atkinson* Court's rationale, however, suggests wider applicability. That Court noted that this statute was designed to prevent a recurrence of the *Danbury Hatters* case, wherein union members and officials were held liable for losses occasioned by a nationwide, union-directed boycott of an employer's hats. 370 U.S. at 248, 82 S.Ct. 1318. *Danbury Hatters* did not involve a breach of a collective bargaining agreement, but rather a suit against union officials acting in their official capacities in a matter unrelated to specific provisions of any employment contract. *See id.* Thus I feel that *Atkinson* applies to the matter at bar, and can not be disregarded.

Furthermore, ample precedent exists for the proposition that union members suing under 29 U.S.C. § 185 for breach of the duty of fair representation can recover only against the union, and not against its individual members or officers. *See, e. g., Henry v. Radio Station KSAN*, 374 F.Supp. 260

1. Jurisdiction is also claimed under other statutes not relevant to the disposition of this motion. Specifically, jurisdiction is also claimed pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 29 U.S.C. § 159(a), and 9 U.S.C. § 10.

(N.D.Cal.1974); *Regan v. Ohio Barge Line, Inc.,* 227 F.Supp. 1013 (S.D.N.Y.1964); *Red Ball Motor Freight, Inc. v. General Drivers Local 961, International Brotherhood of Teamsters,* 202 F.Supp. 904 (D.Colo.1962). On the other hand, plaintiffs admit that no cases can be found which are likewise directly on point yet stand for the proposition that individual union members can be sued under 29 U.S.C. § 185. Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, at 3.

I also note that Congress has provided a statute under which union members can vindicate violations of their employment rights by individual union officials. *See Landrum-Griffin Act,* § 101 *et seq.,* 29 U.S.C. § 411 *et seq.* While plaintiffs cite this statute and argue that the policies reflected therein should be attributed to 29 U.S.C. § 185, Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, at 3–4, they did not see fit to bring this action pursuant to that statute. *See* note 1 and accompanying text *supra.*

For all of these reasons I decline to adopt the interpretation of 29 U.S.C. § 185 which plaintiffs urge upon me. Because the statute precludes judgments against individual union officials, defendant's motion to dismiss will be granted.

